WHEELER *against* RAYMOND.

ON demurrer to the rejoinder. The declaration was in debt on a judgment of this court in January term, 1820, for $103 930.

In an action on a judgment, in the name of a judgment creditor, for the benefit of an assignee of the judgment, the defendant cannot set off a debt due to him from the assignee.

It seems, that a *plea* of set off is inadmissible under our statute, (1 R. L. 515 ;) but the defendant can avail himself of it by *notice* only, with the general issue.

Whether a notice of set off is available with the plea of *nul tiel record*, to a declaration in debt on judgment? *Quere.*

In an action by one in his own name, for a debt due to him in trust for another, the defendant cannot set off a demand against the *cestui que trust.*

Where W. assigned a judgment to L. and K. who gave notice to the debtor, and then assigned to R., who assigned to another, notice of the two last assignments not being given to the debtor; in debt on this judgment by the last assignee, in the name of W.; *held*, that the debtor could not set off a demand due to him from R., while the latter owned the judgment.

*Plea,* that on the 18th of September, 1820, the plaintiff by an instrument in writing, sealed, and set forth by the plea, *in hæc verba,* acknowledged to have been fully satisfied for all claims or demands he had against the defendant, by virtue of the judgment, and consented on his, (the plaintiff's) part, that the sheriff should discharge the defendant from imprisonment.

*Replication,* as to parcel of the judgment, viz. as to $189 84, and $353 50—$543 34 ; that after the judgment was recovered, and before this suit was commenced, viz. on the 1st day of February, 1820, the plaintiff assigned the $189 84 to Samuel Lush, whereof the defendant, on the same day, had notice ; and that Lush, on the 6th February, 1820, before this suit was commenced, assigned that portion of the judgment to Jonathan Roberts ; and further, that on the 1st day of February, 1820, and before this suit was commenced, the plaintiff assigned to Elias Kane, $353 50, other parcel of the judgment, whereof the defendant, on the same day had notice ; and that Kane, before this suit was commenced, viz. on the 7th day of February, 1822, assigned the $353 50 to Jonathan Roberts ; and the whole $543 34, part of the judgment, being thus vested in Roberts, that he (Roberts,) before this suit was commenced, to wit, on the 25th day of August, 1822, assigned the $543 34, to Jonathan E. Robinson : And that this suit was commenced, and is prosecuted for his benefit. No notice to the defendant of the assignment to Roberts or Robinson was averred ; and as to the residue, not assigned, the plaintiff entered a *nolle prosequi.*

*Rejoinder,* that Jonathan Roberts, before the exhibiting of the bill of the plaintiff in this behalf, to wit, on the 7th day of February, 1822, was indebted to the defendant in $3000, for the work, &c. for goods, &c. and for money, &c. (to the usual effect of a general notice of set off,) and that the defendant was willing to set off so much of the debt due to him, as should amount to the sum claimed by he plaintiff, in behalf of the assignee.

General demurrer and joinder.

*W. H. Maynard*, in support of the demurrer.

*E. Cowen*, contra.

ALBANY,
Oct. 1825

Wheeler
v.
Raymond

*Curia*, per WOODWORTH, J. The questions presented ʹy the demurrer are,

1. Whether, in a court of law, a set off can be allowed against a *cestui que trust*, in an action commenced by the trustee ; and,

2. If it can, whether the form of pleading is not confined to the general issue, with notice.

The general doctrine, that the rights of an assignee of a chose in action, will be protected ; and that the court will look to the parties in interest, is well established. This however, must be understood as applicable to cases where the principle may be enforced, without departing from the forms of proceeding in a court of law. In *Tuttle* v. *Beebe*, (8 John. Rep: 152,) the defendant was permitted to set off two bonds executed by the plaintiff to third persons, and by him assigned to the defendant. In this case, the statute for the amendment of the law, (1 R. L. 515,) interposed no impediment ; for the plaintiff on the record was the debtor, and the person liable to pay the money on the bonds assigned. A different case is presented, when the set off relied on is not against the plaintiff, but the *cestui que trust*.

The question then is, has the statute provided for such a case ? If it has not, it will not be pretended that the defence is valid at law. The act has reference to persons dealing together, or being indebted, and having demands against each other. In such cases, when one sues the other, a set off is allowed. But can it be said that a set off against a *cestui que trust*, will satisfy these words ? The plaintiff on the record is a stranger to the set off. It is not a demand against him ; and seems not to be within the provisions of the act. I admit that the statute should be construed liberally ; but that will not justify the court in extending it to cases not foreseen when it passed and, perhaps, on that account not provided for. Ours is substantially the same as the English statutes, 2 and 8 Geo. 2 ; except that,

by the latter, the set off may be pleaded in bar, or given in evidence under the general issue; and no provision is made for the recovery of the defendant's demand, when it exceeds the plaintiff's. By our statute, the defendant is allowed to plead the general issue only, with notice; and if it appears that the plaintiff is over paid, then the jury shall find a verdict for the defendant, and certify to the court how much they find the plaintiff indebted to him, more than the sum demanded; and the defendant *shall* have judgment and execution for the balance.

This part of the statute plainly shows, that the set off must be against the plaintiff on the record; for, in all the cases where a set off is permitted, the right is expressly given; and the jury are required to certify the balance due to the defendant. The court have no authority to restrict the plain words of the act; and decide that, in certain cases, a defendant may have judgment and execution for the sum certified; but in others, like the present, so much only shall be set off, as will satisfy the plaintiff's demand. The court have no such dispensing power; and, as it is a conceded point, that no balance can be certified, judgment entered, or execution issued against Wheeler, the plaintiff, for money that Roberts may be in arrear to the defendant, I have no hesitation in saying the case is not provided for by the act.

In *Ruggles* v. *Keeler*, (3 John. Rep. 263,) the defendant in the court below proved that the note had been sold to Walker Lewis; and offered to prove as a set off that Lewis was indebted to the defendant. This was objected to, on the ground that it was more than six years, since a right of action accrued to the defendant. The evidence was excluded.

On a writ of error, the judgment was reversed. This court held, that the defendant may set off demands against the plaintiff, arising when both parties resided in Connecticut; and which, if sued for there, would be barred by the statute of limitations in that state, provided six years had not elapsed since the plaintiff came into this state. The question, whether a set off against Lewis was admissible, allowing the demand not to be barred, was never raised by the counsel,

ALBANY,
Oct. 1825

Wheeler
v.
Raymond

nor considered by the court. It is not, therefore an authority on the point before us.

The English statute may be satisfied by allowing a set off against a *cestui que trust*, of so much of a debt due from him to a defendant, as will satisfy the plaintiff's demand. On this ground, I apprehend, the court enforced the right of an assignee of a chose in action, against the *cestui que trust*, in the case of *Bottomley* v. *Brooke*, referred to by Ashurst, J. in *Winch* v. *Keeley*, (1 T. R. 623.) The defendant pleaded that the bond was given for securing money lent to him by Mrs. Chancellor, and was given by her direction to the plaintiff, in trust for her; and that Mrs. Chancellor, before the action brought, was indebted to the defendant in more money than the amount of the bond. To this plea, there was a demurrer, which was withdrawn by the advice of the court. (Vid. 1 T. R. 621, 2, Lawrence, *arguendo*.) They did not look to the plaintiff, on the record; but to the person beneficially interested. It is evident the court considered the statute as placing no impediment in the way of the defence. But our statute gives right to a defendant, who interposes a set off, which cannot be exercised against the *cestui que trust;* and, consequently, it cannot be extended to such a case.

The case of *Alsop* v. *Caines*, (10 John. 396,) is in point. The defendant pleaded a set off against Riley, in action by Alsop and others; and averred that Riley was the person beneficially interested ; that he, by the plaintiff, sold the goods to the defendant; and that Brannan, one of the plaintiffs, by the direction of Riley, assigned the demand to Fairchild. It was held that a court of law could not recognize and settle such interfering and complicated trusts ; and that the statute allowing set offs did not apply to the case ; inasmuch as the defendant could not have judgment and execution against the plaintiff for any balance due from him. It was also held, that the defendant, instead of pleading the set off in bar, ought to have pleaded the general issue, and given notice of the set off, according to the directions of the act. The judgment in that cause was afterwards affirmed in the Court of Errors. (13 John. 22.) Cantine,

ALBANY,
Oct. 1825.

Wheeler
v.
Raymond.

Senator, was of opinion, that the defendant might avail himself of the right of set off, though not by special plea; but admitting the plea to be good, he considered the replication good also. Sanford, Senator, was of opinion, that, whether the plea was good or bad, the replication was sufficient. No other opinions were delivered. It is manifest that the doctrine laid down in the court below, was not overruled; at least, there is no evidence of the fact to be collected from the report; for both the Senators, who delivered opinions, concurring that the replication was good, it may be presumed the judgment was affirmed on that ground. Had no other opinion been delivered than that of Mr. Cantine, it could not be ascertained that a single member of the court considered the defence available in any shape. The decision of that point did not become necessary, according to the view taken. The plea of set off in bar, was consid ered bad by the court below, as not being authorized by the statute. The decision on error may have turned on this; but whether it did or not, it cannot be collected that the doctrine of the Supreme Court was overruled.

I am, on the whole, of opinion that the defence is not available at law.

It becomes unnecessary to consider whether a defendant may interpose a plea of set off, when the action is commenced on a judgment; on the ground that the general issue, in such case, being *nul tiel record*, there cannot be a trial by jury. The defence not being available by any form of pleading, the plaintiff is entitled to judgment on the demurrer.

Judgment for the plaintiff.