STEPHEN MEADER, surviving partner of MEADER & EAMES, *vs.* JOHN W. LESLIE.

That an account against a plaintiff may be filed in offset against an account in his favor as surviving partner, when it does not appear that the partnership creditors have any lien upon the balance of the plaintiff's account.

The plaintiff, as surviving partner of *Meader & Eames*, brought his action on book account against the defendant, before a justice of the peace. The defendant appeared before the justice and filed in offset an account in his favor against said *Meader* alone, and not against the partnership. Judgment was rendered by the justice, and the action appealed to the county court ; and there was submitted to an auditor, who heard the parties, and made report, that there was due to the plaintiff, as surviving partner, from the defendant the sum of $5,91 ; and, also, that, if the court should be of opinion, that the defendant's account could legally be filed in offset against that of the plaintiff, there was due from the plaintiff to the defendant, on said account so filed in offset, $11,68. The county court rendered judgment on this report for the plaintiff to recover his account, $5,91, and rejected the said demand of the defendant. Exceptions were taken to the decision, and the whole was brought up to the Supreme Court, and argued this term.

*Mr. Burbank, for the defendant.*—In the life time of *Eames*, the action could have been supported only in the name of the two partners, and nothing would have been pleaded in offset but that which was a demand against said partners jointly ; but, on the death of *Eames*, the defendant is legally in the right of *Meader*, and he alone can sue, plead and be impleaded, to any purposes of offsets, as though the action was originally his.—1 *Barn. & Ald.* 29.— 1 *Chitty*, 12, 13, 37.—*Montague on set off*, 24, 25, 26.—5 *Term Rep.* 4, 93.—3 *do.* 4, 33.—6 *do.* 582.

In settling accounts, the auditors must audit all accounts between the parties in the same right, and in a settlement of all accounts upon the report of auditors, all accounts are to be by law settled, there having been an issue between the parties. When, therefore, auditors once report upon accounts, and judgment is

ORANGE,
March,
1830.

Meader
vs.
Leslie.

rendered upon such report, that judgment may be pleaded in bar to any suit afterwards brought for the recovery of any accounts, which were legally due at the time of auditing such accounts.— *Stat.* 143.—6 *Term Rep.* 607·

*Mr. Underwood, for the plaintiff.*—The plaintiff objects to the offset on two grounds.

1. The debts are *not mutual,* and *due in the same right ;* and are of a *dissimilar character.* 2. The estate of *Eames,* or rather, the heirs and creditors of *Eames,* have an equitable interest in plaintiff's claim, which the court will protect.

I. Auditors in any suit are to hear, examine and adjust all accounts existing between the parties, of a similar nature, and due in the same right.—*Stat.* 143, *s.* 8. The nature and character of the respective claims of the parties determine the right of set off, and not the parties on the record. The debts sought to be set off must be due from the plaintiff, in the character in which he sues, to the defendant, in the character in which he is sued. The debt sought to be recovered, and that sought to be set off, must be mutual and due in the same right.—*Winch* vs. *Keeley,* 1 *Term Rep. p.* 621.—*Puller et al.* vs. *Rose,* 2 *Esp. cas.* 469.—*Brundridge* vs. *Whitcomb,* 1 *Chip. Rep.* 180.—2 *Bl. Com. Chit. Ed. p.* 244, *in note.* Hence a joint debt cannot be set off against a separate demand, nor a separate debt against a joint one, unless expressly understood and agreed by all the parties.—A debt due to a man in right of his wife, cannot be set off in an action against him on his own bond, A debt due from a wife, *dum sola,* cannot be set off in an action by the husband alone, unless he has made himself individually liable. A debt from an executor in his own right cannot be set off against a debt to the testator.—*Bull. N. P. p.* 180.—*Will.* 103, 106. So a debt, which accrued to the defendant, in the life time of the testator, cannot be set off against a debt that accrued to the executor, even in that character, after testator's death. Where a person sues as trustee, defendant may set off a demand against the *cestui que trust,* but not against such trustee, in his private capacity. The law will always take notice of the parties, *beneficially interested,* in determining matters of set off.—*Montague, p.* 27. Had *Eames* been alive, and joined (as he must have been) in the suit, with *Meader,* it would not be pretended, that the offset could be allowed ; for this would be setting off a separate debt of one partner against their joint claim, (debts due a firm being demands to all the partners jointly.)—1 *Chit. Pl.* 12.—*Watson,* 112. It is contended, that the nature and character of plaintiff's demand is the same *after* as *before*

ORANGE,
*March*,
1830.

Meader
*vs.*
Leslie.

the death of *Eames*, and that the death of *Eames* has no effect upon demands due the partnership, as to varying the right.—As to the broad principle laid down in *Montague, p.* 24, it is contended, that the authorities from which the author extracts the principle, do not support it to the extent there laid down.—3 *Kent*, 31–2. In partnerships, the right of action, only, survives, and not the right of property. The remedy survives and not the duty.— *Watson*, 65, 464, 449.—*Salk.* 444.—*Kent's Com.* 14. If the right of survivorship existed as in joint tenancy, then debts due a firm would, on the death of one partner, become, to all intents, debts due the survivor in his own right ; but, the survivor is in the nature of trustee for partnership creditors, and is accountable to the representative of the deceased partner for a share of the surplus, after paying company debts. If this were a debt due to *Meader* in his own right, why name him *surviving partner*? Why not declare by the name of *Stephen Meader*, without any qualification, (as may be done against a surviving partner.) But in such a case, evidence of a partnership claim would be a *fatal variance*. —2 *Term Rep. p.* 479.—3 *Starkie*, 1015. If this offset is to be allowed, why could not *Leslie* set off a separate demand which he may hold against *Eames* ? The estate of *Eames* has the same interest in the demand now sued, as has *Meader* ; and there would be exactly the same mutuality of interest as in this case. And that *Meader* is the party on the record makes no difference, in asmuch the law regards the *beneficial interest*. But this will not be pretended.—*Watson*, 366.

II. *But the court will protect equitable interests.* The heirs and creditors of *Eames* have the same interest in the demand sued as *Eames*, alive, would have ; which interest, if he were alive, could not be defeated by this offset. But *now*, the equitable interests in this demand multiply, (in principle at least,) as the creditors of *Eames* are numerous, and if the court will protect an equitable interest, we see no rule to mete out the *quantity* of interest. And what is the hardship on the part of *Leslie* ? He contracted the debt sued with *Meader & Eames*, and consequently must have expected to pay *them*. The debt sought to be set off was contracted solely by *Meader* ; the credit was given solely to him ; and what injustice if *Leslie* is driven for his pay precisely where he gave the credit, and where only, at the time, he expected to be remunerated ? If *Leslie* could prove, that this demand was transferred to *Meader*, and that he was the only person beneficially, as well as legally interested, no doubt the offset would be allowed. If this demand of *Leslie* had been a partnership demand, then, there would be a complete mutuality of interest. If

ORANGE,
March,
1830.

Meader
vs.
Leslie.

it were such a debt as would have joined *Eames* with *Meader* (*Eames* being alive) in a suit for its recovery, then the offset would be just. But it is not pretended that *Leslie* could have joined *Eames*, if he were alive, with *Meader*, for the recovery of this debt, (and this is the sure test of the right of set off.) And if the law would protect the interest of *Eames*, in his life time, with respect to these same demands, we can see no reason why the law should turn *step mother* to his estate, after his decease.—*Chip. Rep.* 180, *and cases cited.*—*Vt. Rep.* 244, *Haven* vs. *Hobbs.*—*Do. p.* 176, *Lampson* vs. *Fletcher*.

HUTCHISNON, J. pronounced the opinion of the Court.—The only question presented is, whether this offset, and the demand sued, are so legally and equitably mutual, that the offset ought to be allowed. There is no doubt but they are mutual as respects the form of action. That is, no person but the plaintiff could maintain an action on this demand against the defendant. And this defendant could maintain no action upon his demand against any person but the plaintiff. In this respect there is perfect mutuality. And, in all such cases, the legal right of action, and the legal liability to action, are so attached to the surviving partner, that the only reason for naming him surviving partner is, to give a true desscription of the cause of action. In the general money counts, even this is not necessary.

But the plaintiff contends, that there is no equitable mutuality in this case—That the authorities go no farther than to show, that the surviving partner may file his partnership debt against his private debt—That this is an attempt to compel him to do it against his will, and that to the fraud and injury of the creditors of the partnership. This argument is ingenious, and would be conclusive, if the facts in the case showed what this argument assumes—If the facts showed that there were creditors of the partnership of *Meader* and *Eames* that would be thus injured—that there was no property with which they could be paid. It appears to me we supposed the fact to be so in the county court. Possibly it was often alluded to in argument, as a fact, and not so denied, but what we supposed it to be fact. But the case presents no fact of the kind. Nothing appears, that the partnership owe any debts, nor that there is any person who could call the partnership fund out of the plaintiff's possession, should he receive it. This circumstance unites the legal and equitable mutuality. The judgment of the county court must be reversed, the defendant's offset allowed, and he recover the balance.

                                        Judgement reversed.

*Burbank*, for defendant.
*Underwood*, for plaintiff.