Orange,
March,
1831.

STEPHEN MEADER, *surviving partner of William Eames*, vs. JAMES SCOTT.

In an action brought by one as surviving partner, to recover for a debt due to the firm, the defendant may plead in offset any demand he has against the plaintiff individually, unless there be some equitable interest in another person which a court of law can protect.

This was an action on *book account*, and was brought before the Court on objections filed to the following report of the auditors, made in the cause :

" Upon hearing the testimony introduced in support of the parties' claims, the auditors allowed the whole of the plaintiff's account, excepting one item of $2,50 for making a coat, which appeared to have been twice charged by mistake. They also allowed the whole of the defendant's account against the plaintiff at $25,07, including interest from the 1st of January 1830 ; from which deducting $8,13. the amount of plaintiff's account, including interest thereon from the 1st of January, 1828, leaves the sum of $16,94, which we find and report as the balance due from the plaintiff to the defendant to balance book accounts between them.

The testimony upon which the auditors arrived to the foregoing result was as follows :—it was proved that the last item in defendant's account against the plaintiff, ($4,96,) was a *balance due* for boarding persons employed by *Wm. Eames*, in his life time, to work in the shop of *Meader & Eames*, under the articles of partnership between the latter, by which it had been stipulated that *Eames* should pay and board two hands in the shop, as an offset to the services and board of *Meader*. It further appeared that, by the agreement between *Eames* and defendant, any work done for the latter in the shop of *Meader & Eames*, was to be applied upon his account for boarding the hands, as aforesaid, and that for the balance due the defendant for board, he was to take his pay in goods out of *Eames'* store. It also appeared that the whole of the board, of which this item was the balance, accrued before the death of *Eames*, and that *Eames* had accounted with defendant in the settlement of their private accounts for the residue.

The two first items in the defendant's account, that of $1,50 for boarding Polly Deming and James Ricker, and that of $17,25 for boarding Everett, accrued after the death of *Eames*, and the consequent dissolution of the partnership of *Meader & Eames* ; and said items constituted a claim in defendant's favor against the plaintiff, *Meader, in his own right*; and *not as surviving partner of Eames*. It was admitted, by the defendant, that *Eames'* estate is insolvent, and that the plaintiff, *Meader, is*, and *was*, at the time of *Eames'* death, a bankrupt. It also appeared that by the terms of the partnership between *Meader & Eames*, they were to settle at the end of each half year, and divide the partnership effects, and that there was *a settlement the 5th of April*, 1827, at

ORANGE,
March,
1831.

Meader
vs.
Scott.

which time *Eames* credited *Meader* on *his private book* $143,20, " balance on shop accounts ;" and another settlement on the 4th October, 1827, in which *Meader* was also credited on *Eames'* book, with the sum of $100,83, " by balance on half of *Meader's* shop accounts. It also appeared that the two sums last mentioned were charged by *Meader* to *Eames*, and were among other claims presented by *Meader* for allowance to the commissioners on *Eames'* estate. But it was not proved that the account in favor of the company, against the defendant, upon which this suit was brought, was ever specifically assigned by *Meader* to *Eames* in any of their settlements or divisions of joint property, nor that *Scott*, the defendant, had any notice of any transfer or assignment by *Meader* to *Eames*, of his, *(Meader's,)* interest in said account, before the defendant's account, had accrued against *Meader*. But the account in question was claimed by the administrator of *Eames'* estate, and is prosecuted for the benefit of said estate."

The county court accepted the report, and rendered judgement thereon, and the case was reserved for the opinion of this Court.

*Mattocks and Underwood, for plaintiff.*—1. The case finds that the estate of *William Eames*, the deceased partner, is interested in the demand sued to the amount of *one half.* For where partners share in the gain and loss, and no agreement appears regulating the proportion, the law presumes it to be equal.—3 *Kent's Com. p.* 6.

2. In partnerships, the right of action only survives, and not the duty. *Jus accrescendi inter mercatores pro beneficio commercii, locum non habet.* The surviving partner is bound to pay all partnership debts, and is accountable to the representative of the deceased partner for his share of the surplus, after discharging company debts ; and for the purposes of paying such debts, collecting company dues, and distributing the surplus, the partnership may be considered as having a limited continuance.—*Watson's Part.* 65, 464, 469 ; *Salk.* 444 ; 3 *Kent*, 13, 14, 31, 32.

3. Were *Eames* alive, and joined, (as must have been the case,) with *Meader* in this suit, it would not be pretended that the offset could be allowed, *as that would be setting off* a *separate* claim of one partner against their joint demand, (debts due partners, being due to all jointly.)—2 *Chit. Blackstone*, 304, *in notes* ; 1 *do. Pl.* 12 ; *Watson Part.* 112.

4. The beneficial interest is the same *after* as *before* the death of the deceased partner ; and it is the beneficial interest which the law regards in determining the right of set off.—*Winch* vs. *Kerby*, 1 *T. R.* 621 ; *Brundridge* vs. *Whitcomb, Chip. Rep.* 180,

ORANGE,
March,
1831.

Meader
vs.
Scott.

*and cases cited; Bowen* vs. *Bennett, et al.* 4 *Bing.* 423 *; Montague,* 27. And it is contended that if the offset could not be allowed, *Meader & Eames* suing jointly, *(Eames'* death making no change in the beneficial interest,) the offset can not be allowed, when *Meader* sues as survivor. .

5. The Court will protect the interest of *Eames'* estate in the demand sued in preference to defendant's offset ; (the defendant having given credit to *Meader* alone ;) and in as much as a court of law can not divide the demand sued, to do complete justice, defendant must go into chancery, where a decree can order half the plaintiff's claim to be applied to his offset.—*Haven* vs. *Hobbs,* 1 *Vt. Rep.* 244 ; *Lampson* vs. *Fletcher, do.* 176 ; *Watson,* 1 *Title set off.*

6. The creditor of one of two partners can take in execution the *interest only* of such partner in the partnership effects, · and not the whole.—1 *Swift,* 345 *; Reed et al* vs. *Shepherdson,* 2 *Vt. Rep.* 120. But if this offset is allowed, we see no reason why, in principle, the whole partnership effects may not be taken to satisfy the individual debts of one of the partners.

7. In book account the auditors are to audit all accounts between the parties of *a similar nature and in the same right.*— *Stat.* 143. In this case the debt sued is a debt due the partnership, which, according to the authority cited from *Kent's Com.,* has yet a continuance. The debt sought to be set off, is of a separate, private character, and has *no concern with the partnership.* The estate of *Eames* is *interested* in the debt sued, but has nothing to do with the offset. Had the offset been a claim against the firm of *Meader & Eames,* then the auditors would be bound, by the spirit as well as the letter of the statute, to let in the defendant's offset, and audit the accounts.

8. No injustice is done the defendant by disallowing the offset. He gave the credit to *Meader* alone, a bankrupt ; and why should *Eames'* estate suffer for defendant's folly ? If the principle, for which defendant contends, be established, we shall have an anomaly in jurisprudence. *Trust a bankrupt, and compel the man of ability to pay the debt without his own consent.* Besides, great injustice would be done to the estate of *Eames,* which the case finds insolvent. The principle wrenches from *Eames'* estate, that which belongs to its honest creditors, to compensate the folly of defendant in giving credit to a well known bankrupt.

9. The principle for which defendant contends is contrary to policy. What man of capital will hazard his money in partnership,

ORANGE,
March,
1831.

Meader
vs.
Scott.

to encourage the poor man to industry and enterprize, when, the uncertain event of death puts all in jeopardy ?

*Burbank, for defendant.*—In this action, had it been prosecuted in the life time of *Eames,* nothing would have been pleaded in offset except company accounts. Still, however, if either had received pay, with the understanding of the company, such payment must have been applied. Upon the death of *Eames* the action survives. *Meader* is suable, and must sue for the collection. The account is legally his, and he is holden in equity to the executor of *Eames.*—*Montague* on *set-off,* 24, 25, 26 ; *Barn. & Ald.* 29 ; 1 *Chitty,* 11, 12, 13, 37 ; 5 *Term Rep.* 493 ; 3 *do.* 433 ; 6 *do.* 582. In auditing accounts the auditors must settle all accounts in the same legal right.—*Stat.* 143. In this case it appears by the auditors' report that the defendant was to board the workmen in the shop, and take his pay in goods and tailor's work. The deal commenced, and at the death of *Eames,* there was a balance of about two dollars due the firm. *Meader* then continued the business, and continued the board of the workmen, till a payment was made, and this he was bound to do, and *Scott* had a right so to pay it.

WILLIAMS, J., *delivered the opinion of the Court.*—This was an action on *book account,* brought by the plaintiff as surviving partner of the firm of *Meader & Eames.* The auditors report that,there was a sum of eight dollars thirteen cents on the books of *Meader & Eames* against the defendant, which was rightly charged to the defendant ; that the defendant had also an account against *Meader & Eames,* of four dollars and ninety six cents,and also an account of eighteen dollars and seventy five cents against *Meader* alone, which was for boarding certain hands employed by *Meader,* after the death of *Eames,* which left a balance against the plaintiff of sixteen dollars ninety four cents, for which judgement has been rendered against the plaintiff. The legal mutuality of these claims was decided in a similar suit at the last term in the cause of *Meader* vs. *Leslie,* reported in 2 *Vt. Rep.* 569. The cases of *Slipper* vs. *Stidstone,* (5 *Term Rep.* 493,) and the case of *French* vs. *Andrade,* (6 *Term Rep.* 582,) recognise the principle upon which that case was decided, and if there could be any doubt as to the correctness of those cases, this case is not of sufficient importance to induce us to re-examine and overrule them.

ORANGE,
March,
1831.

Meader
vs.
Scott.

From the right of survivorship *Meader* was legally entitled to all the partnership property. It was his duty to collect the debts due to, and pay the debts due from, the firm. After the debts are paid, he is to pay the representatives of his deceased partner their share. We are not to take notice of his poverty, or to suppose that he will be dishonest. As the right was in him to collect all the demands due to him as survivor, and as it was his duty to pay all debts which *he* has contracted on his own account, the debts due from and to him may be offset if the right of no other is affected. We recognise the rights of both the plaintiff and defendant to have the several demands found by the auditor applied one against the other, unless there is some equitable interest in another which the Court as a court of law can protect ; and in this case we can discover no such interest. It does not appear that there are any creditors of the firm of *Meader & Eames* who have any interest : so that this claim against the defendant is not wanted to pay the debts due from the firm. It is not found that this demand was ever assigned to *Eames* : so that the equitable interest is in his representatives. It is true, that the auditors might have inferred that fact from the other facts which they have found ; but they have not, and it is not for us to make the inference. And farther, if such was the case no notice of it was given to the defendant, and the Court would not protect the interest of an assignee of a debt when no notice of the assignment had been given to the debtor. It appears farther in the case that by the contract between *Meader & Eames* and the defendant, that the defendant was to pay for whatever work was done by them for him in boarding the hands they employed. The defendant was, therefore, under no obligation to pay this in any other way. It was, therefore, a contract to be performed with the survivor, more especially if he had no notice of any equitable claim in any one else. If the defendant has performed services of the kind stipulated for, and to the amount of the account which the firm of *Meader & Eames* held against him, he has performed his contract literally, and both *Meader* and the representatives of *Eames* should be content. If he has gone farther and made *Meader* his debtor, *Meader* is under a legal and moral obligation to pay the balance, and neither he nor the representatives of *Eames* can complain that judgement should be rendered against him therefor.

The judgement of the county court must, therefore, be affirmed.