## BELL v. HORTON.

1. The defendant cannot set-off to the 'plantiff's action a demand which he is not entitled to sue on, in his own name.

Writ of error to the County Court of Madison county.

Bell sued Horton as the maker of a note payable to W. H. Jones, and endorsed by him to Bell. The defendant pleaded payment and a set-off, and gave in evidence a note made by Benjamin Cayle, *W. H. Jones* and W. H. Clifton, payable to

Otey & Horton, or order: also two single bills made by W. H. Jones, payable to Friley Jones, executor of W. Jones, or order: Neither of these instruments were endorsed, but it was in evidence that the note payable to Otey & Horton, was, and had been the property of, and in the possession of the defendant, before the assignment of the note sued on. Evidence was also given, tending to show that the bills single, were likewise in his possession, when this suit was commenced. The County Court instructed the jury that if they believed the note and bills single were the property of the defendant, before notice was given to him of the assignment of the note sued on, they constituted a legal set-off to the action.

A verdict was found for the defendant, and the plaintiff having excepted to the charge of the County Court, assigns the same as error.

HOPKINS, for the plaintiff in error, [argued, that the *legal* title to the demand offered as a set-off, was in the respective payees: therefore, the defence ought not to have been allowed, not being within the statute. He cited Franch v. Garner, *et al.* (7 Porter 549.) (Aikin's Dig. 281.)

McCLUNG, contra.

GOLDTHWAITE, J.—If suit had been instituted by Horton, in his own name, to recover from Jones the several demands offered as a set-off, it would have been necessary to show that they had been endorsed by the respective payees; or that having been transferred to Horton, a promise had afterwards been made by Jones, to pay him the several amounts. The same requisites seem to be necessary to constitute them a set-off under the statute. French v· Garner, (7 Porter 549:) Kennedy v. Manship, (Supra) Crawford v. the executors of Simonton (7 Porter 110.)

In the case of Stocking v. Toulmin, (3 S. & P. 35,) it was held that a demand against an intermediate endorser of the note sued on, was not within the statutes of set-off.

These decisions do not permit us to consider the question as open; and however just it may seem, that a set-off, like the one offered in the present case, should be allowed, it is clear that it cannot be done under the statute, without introducing a construction adverse to the principle decided in Stocking v. Toulmin, and would be equivalent to legislation.

The judgment is reversed and the cause remanded.