## BOWEN v. SNELL, use, &c.

1. Where the plea asserts the interest in a suit is in a stranger to the record and sets up a set off against him, his declarations that the interest still continues, and that the debt was put in the hands of the plaintiff of record, to get it beyond the reach of creditors, are admissible, though made during the pendency of the suit, it being shown by other evidence, that he is the party in interest.

2. Notwithstanding a set off may be asserted against the actual party in interest, yet it is necessary to show against that party a cause of action for what the defendant could sue him in his own name.

Writ of Error to the County Court of Butler.

ASSUMPSIT in the name of Snell, for the use of Watkins Salter. The defendant pleaded—1. Non assumpsit; and 2. A special plea; asserting the actual ownership and interest in the note sued on to be in John G. Salter, and alledging his indebtedness to the defendant, by means of a note made to Caley and Stewart, and by them indorsed. At the trial, the defendant produced a witness, who testified he had formerly owned the note sued on, but had traded it to John G. Salter, for a slave owned by him. Watkins Salter, the beneficial plaintiff on the record, was not present when the trade was made, and had nothing to do with it. When John G. Salter received the note, he wrote on the back, "transferred to Watkins Salter, March 12, 1844," and asked the witness to sign it, saying, this is for Watkins Salter, and said nothing more. Witness signed the transfer, and a few days afterwards saw Watkins Salter, whom he told what had been done. Watkins Salter replied, he could not see what the motive of John G. Salter was, in causing the transfer to be made to him— that John G. Salter was indebted to him, but not to the a- amount of the note.

The defendant then put in evidence the note and indorsement described in his plea of set off, and proved the several

signatures, as well as the delivery of the note to him, some three years before the commencement of this suit. The evidence in the cause showed, Watkins Salter was in possession of the note, as early as May or June, 1844, but there was no evidence how it came to his possession, or that he had paid John G. Salter any thing for it. Suit was commenced the 6th June, 1844, and the note sued on does not appear to be indorsed by Snell, the nominal plaintiff, and is dated 13th March, 1843, payable on the 1st March, 1844.

The defendant then proposed to prove by another witness, that John G. Salter told him, the note sued on was his property, and that he had placed it in Watkins Salter's hands to get it beyond the reach of his creditors. The testimony was objected to by the plaintiff, and ruled out by the court.

The defendant proposed to prove by another witness, that after the suit in this cause was commenced, John G. Salter said to him, the note in suit was his property, and the judgment, when obtained, would belong to him. This testimony was also objected to, and ruled out by the court.

The defendant excepted to these rulings of the court, and they are now assigned as error.

JUDGE, for the plaintiff in error, insisted, the cause was covered by the previous decision of Bowen v. Snell, 9 Ala. Rep. 481. He conceded the mere declarations of the interested party would not be sufficient to establish the interest, but that being established by other proof, the declarations afterwards made are admissible.

WATTS, contra, argued—

1. The declarations of John G. Salter, were not admissible to prove ownership in the note, as they were made after parting with its possession. [Butler v. Damon, 15 Mass. 223; Baker v. Briggs, 8 Pick. 122; Osgood v. Manhattan Co. 3 Cowen, 612; Copeland v. Clark, 2 Ala. Rep. 388; Borland v. Mayo, 8 110; Oden v. Rippeto, 4 Ib. 68; Head v. Shaver, 9 Ib. 791; Reichart v. Costater, 5 Binney, 109; Greenl. on Ev. 203, 223.]

2. He submitted whether the court would not review the

former decision, made when the cause was here at another term, for the reason that several decisions seem to conflict with the opinion then delivered. [Bell v. Horton, 1 Ala. R. 413; Gary v. James, 7 Ib. 640.]

GOLDTHWAITE, J.—1. On the first examination of this record, we fell into the mistake of supposing the court below rejected the entire evidence of the defendant, when it seems the fact is, that nothing was rejected except the testimony of witnesses speaking to the admissions of John G. Salter, after the institution of the suit. It is not entirely certain, that in reviewing the cause on this assumption, we may not run counter to the truth of the case, but we think the fair construction of the bill of exceptions is, that nothing more was excluded from the jury than what the defendant proposed to show by the last two witnesses examined. We are then required to ascertain whether, under the circumstances in proof, the declarations of John G. Salter, made after the institution of the suit were competent. If this individual was a mere stranger to the suit, we presume no one would insist his declarations were good for any purpose; but in the case there was direct proof that he was the party really interested in the suit, and there was none whatever of any interest in the *usee* introduced by the writ. The general rule on this subject is thus stated, by a very exact writer on evidence: "The law in regard to this source of evidence looks chiefly to the real parties in interest, and gives to their admissions the same weight as though they were parties on the record. Thus the admissions of the *cestui que trust* of a bond; those of the persons interested in a policy of insurance effected in another's name for their benefit; those of all the ship owners in an action by the master for freight; those of the indemnifying creditor in an action against the sheriff, &c. &c., are all receivable against the party making them. And in general, the admissions of any party represented by another, are receivable in evidence against the representative." The only limitation stated by the author is, that the admissions must have been made during the continuance of the interest. [Greenl. Ev. § 180.] The difficulty here, how-

ever, is not in ascertaining the rule, but in its application to the particular case. We do not well see of what value the admission that the note was placed in the hands of the *usee* to get it beyond the reach of creditors, could be to the defendant, unless it was to weaken whatever impression had been made by the statement of Watkins Salter, that John G. was indebted to him, when supposing a motive for his conduct in the transaction. An impression of this fact on the jury might not be without weight, and we are not prepared to say it was not proper to remove it, by showing the declarations of John G. Salter, subsequent to the suit, that he intended to make a different disposition of the money. The only case to which our attention has been directed, in which the precise question seems to have been raised, is, Reichart v. Costator, 5 Binney, 109. There, the declarations of the grantor, made after the deed, *that it was done only as a sham, so that the people should not come at the land,* was offered against the grantee. The court held this declaration was improperly admitted, as no preliminary evidence of fraud was given. One of the judges declines to express any opinion how far evidence of fraud would let in the declaration, but another asserts with such a predicate it would be admissible. In this case we apprehend the inference, from the evidence before the jury, is, that one of the parties attempted a fraudulent transfer of the nt e in suit, and in this was aided by the other. Now we can perceive no sound reason against the admission of these declarations, except the use which might be made of them if the evidence of a trust in Watkins Salter was defective. In principle, they rest on the general rule above quoted from Mr. Greenleaf, and all evidence under this rule is liable to precisely the same objection, *that is,* of being of no value whatever, if the preliminary proof of interest is either unsatisfactory or disproved. There can be no question that the admission of the party in interest, of a substantial defence, or, as in this case, of a set off, is competent evidence but its effect on the action depends on the jury's being satisfied that the interest is as asserted. The cases cited with respect to the rejection of admissions by nominal parties, have but a remote bearing on this case, as we apprehend they are entirely within the principle of the rule as soon as their nominal in-

terest is shown to be a real one. See Brown v. Foster, 4 Ala. R. 282; Copeland v. Clark, 2 Ib. 388; Head v. Shaver, 9 Ib. 791; Chisholm v. Newton, 1 Ib. 371.

The circumstance that all defences made out by evidence of such admissions rest upon the determination of a previous question by the jury, does not touch their competency, though it in all cases imposes upon the court the duty to charge, when requested, that the entire effect they should have, depends on the other fact, that the interest is ascertained. On the whole, we think the evidence was competent, and therefore was improperly rejected.

2. On the other point in the cause, we deem it only necessary to say, that we remain satisfied with our former decision in this case. [See 9 Ala. Rep. 481.] We do not there, as the counsel supposes, depart from the principle settled in Bell v. Horton, 1 Ala. Rep. 413; Gary v. James, 7 Ib. 640, and many other cases where we have held a set off available *to a defendant*, must be one on which he could sue in his own name. This case is not of that nature, for here the set off might be sued in the name of the defendant, because the note proposed to be set off is regularly indorsed to him.

Although the reasons for the reversal are different from those which were first announced, the result is the same.

Judgment reversed and cause remanded.