## CRAYTON, use, &c. v. CLARK, and another.

1. To entitle the defendant to set off a note payable to a third person, he must prove its genuineness, and that it was indorsed to him previous to the commencement of the suit; the mere appearance of the payee's name written on the paper, does not warrant the inference that the defendant is its legal proprietor.

2. If a garnishee indebted by note, have notice of its transfer, before he answers, he should state it, or if he acquires notice afterwards, within time to amend his answer before judgment is rendered thereon, he should make it known to the court; and if he fails to do so, he cannot avail himself of the payment of a judgment rendered against him as a garnishee, in defence to an action brought by the assignee of the note.

3. Where the payee of a note assigns it by delivery merely, so as to make it necessary to sue in the name of the party beneficially interested, the

maker cannot set off a demand acquired agasnst the payee, after he had notice of the assignment.

4. It is not necessary that the assignee of a note by indorsement, or delivery, should give notice by himself or an agent, that he is the holder of the paper, to exclude sets off acquired subsequent to the assignment; but it is sufficient if the maker is informed of the transfer by one who has knowledge of the fact, and speaks understandingly.

Writ of Error to the Circuit Court of Marion.

THIS was an action of debt at the suit of the plaintiff in error, on a bill single, for the sum of $163 63, dated the 26th January, 1843, and payable to the plaintiff or bearer, on the 1st March, 1844, in the notes of the Bank of the State of Alabama, or any of its branches.

The defendant pleaded several pleas, with leave to give any matter in evidence that would be a defence to the action. Thereupon the cause was submitted to a jury who returned a verdict for the defendants, and judgment was rendered accordingly. On the trial, a bill of exceptions was sealed at the instance of the plaintiff, from which it appears that after he had read to the jury the note declared on, the defendants proved the execution of a note by the nominal plaintiff, on the 4th June, 1843, to Hiram Crayton, or bearer, for $135, payable one day after date; that sometime in the year 1844, the nominal plaintiff left the State, and two days thereafter defendant purchased this note of its payee. *Further*, it was delivered to him without any indorsement, because none of the persons present could write; but H. Crayton promised to make a written assignment at any future time, if necessary. No other evidence was adduced to prove the indorsement, but there was a blank indorsement thus:

"Hiram ⋈ Crayton." The plaintiff thereupon moved the court to exclude the note from the jury, because the indorsement was not proved, but the court overruled the motion, and allowed the note to go in evidence as a set off; whereupon the plaintiff excepted.

Crayton v. Clark.

The defendant proved that a judgment had been rendered against him as a garnishee at the suit of one Cantrell against the nominal plaintiff, which he had paid—amounting to $12 68¾: *Further*, that on the day the note sued on became due, he tendered to the party for whose use this suit is brought, the balance due on the note, and then (at the trial) paid the same to the clerk.

It was then proved, on the part of the plaintiff, that on the morning after the nominal plaintiff left the State, and before the defendant purchased the note here allowed as a set off, the witness informed him that the beneficial plaintiff held the note on which this suit is brought, to which defendant made no objection : *Further*, on the evening of the same day, defendant came to witness and informed him he had obtained a set off against the note. There was no evidence that the witness who gave the notice to the defendant acted as an agent of the holder of the note, or was requested by him to give the notice.

The beneficial plaintiff was the security of the nominal plaintiff, in an indebtedness to one of the banks, and the note was given up to the former, in consideration of his liability.

The plaintiff prayed the court to charge the jury, that it did not require a written, or direct personal notice to the defendant that he held the note ; but if the jury believed from the evidence, that the defendant knew that the beneficial plaintiff held the note before he (defendant) purchased the note offered as an off set, or answered to the garnishment, then the note and payment as a garnishee were not good sets off. ·This prayer was denied, and the jury were instructed that the plaintiff must in person, or by an agent, have given the defendant notice that he held the note declared on, or the sets off previously acquired would be good. To the refusal to charge, and the charge given, the plaintiff excepted, &c.

W. S. EARNEST, for the plaintiff in error.

W. R. SMITH, for the defendant, insisted that the indorsement of the note by H, Crayton to the defendant, was suffi-

ciently proved. [3 S. & P. Rep. 35.] The evidence was satisfactory to show why it was not indorsed in writing. The notice was insufficient to show that the payee had parted with the note, so as to exclude the sets off.

COLLIER, C. J.—To entitle the defendant to set off a note which has been assigned to him, he must prove that the assignment was made prior to the commencement of lhe action. [Minor's Rep. 7.] Nor can the defendant set off a demand on which he cannot maintain an action in his own name. [1 Ala. Rep. 413.] And when the plaintiff's note is offered as a set off, its genuineness must be proved. [Minor's R. 178; 6 Ala. R. 893.] In Cass v. Northrop, 1 S. & P. 89, it was decided, that where the defendant relies upon a note made by the plaintiff, which he claims as an indorsee, the indorsement must be proved. In the case at bar it was proved, that the note which the defendant obtained was not indorsed when it was delivered to him, and there is an entire want of evidence to show an indorsement at a subsequent time. The cases cited are conclusive upon the point, that the defendant's legal title is not a fair inference from the appearance of the payee's name written upon the paper, and consequently the set off was improperly admitted.

In respect to the sum paid by the defendant upon the judgment which was rendered against him as garnishee, its admissibility as a set off will depend upon the fact whether the defendant was informed at the time he made the answer, that the nominal plaintiff had parted with his interest in the note sued on. If he then possessed this information, or acquired it afterwards, within time to have enabled him to amend his answer before judgment was rendered thereon, he should have made it known to the court; and if he failed to do so, he could not avail himself of the payment as a set off, notwithstanding the judgment against him.

Where the payee of a note assigns it by delivery merely, so as to make it necessary to sue in the name of the assignor for the use of the party beneficially interested, the maker cannot set off a demand acquired against the payee after he had notice of the assignment. [1 Bay's Rep. 246; see also,

Crayton v. Clark.

5 Cow. Rep. 231; 9 Id. 295; 2 Verm. Rep. 569; 4 Id. 26; 2 Miss. R. 60; 11 Serg. & R. Rep. 48; 3 Hals. Rep. 209; 3 Wash. C. C. Rep. 93; 6 Verm. R. 12; 11 Wend. Rep. 504.]

We have a statute which provides that promissory notes and other writings for the payment of money, or any other thing, may be assigned by indorsement, so as to invest the assignee with a right of action in his own name.    This statute entitles the maker of a promissory note thus indorsed to avail himself against the indorsee of all " sets off possessed against the same, previous to notice of the assignment ;" but does not prescribe the mode in which the notice shall be given in order to exclude sets off acquired after the payee had divested himself of his interest in the paper.    We cannot think it is necessary for the indorsee, or an agent deputed by him, to give the notice ; but it is quite sufficient if the maker is informed of the transfer by one who has knowledge of the fact, and speaks understandingly.   [4 Dall. Rep. 370.]   If with notice thus communicated, he should purchase demands against the payee, to be used as sets off, they should be rejected upon the ground that it would be a fraud upon the assignee's rights thus to use them.    This reasoning applies with all force in favor of the beneficial holder of paper transferred by delivery ; though it is not embraced by the letter of the statute.    The common law it will be seen by the cases cited, is competent to protect his interest, and would reject all demands against the nominal plaintiff acquired after notice of assignment.    It follows that the ruling of the circuit court is not in conformity to law—its judgment is consequently reversed, and the cause remanded.