## McCLELLAN vs. YOUNG.

1. Y. being indebted to H. M., gave him his note payable to A. J. M., who, Y. was informed, had agreed to advance the money on it. Afterwards Y. was garnisheed as the debtor of H. M., and, having answered, judgment was rendered against him, without A. J. M. being made a party to the proceeding : *Held*—That the answer of Y. to the garnishment was not admissible as evidence for him in a suit by A. J. M. to recover the amount of the note.

Error to the County Court of Talladega.

RICE, for the plaintiff in error, cited Crayton v. Clark, 11 Ala. 787; Moore v. Jones, 13 ib. 296.

McAFEE, for the defendant:

1. Part of the debt being attached in the defendant's hands, he shall be protected against a second recovery as to so much, while the proceedings, though erroneous, remain unreversed.— Tubb v. Manning, — Ala. Rep. 129 ; Palmer v. Ballard, 3 Stew. 326.

2. The answer of a garnishee is to be taken as strictly true &c. unless the answer be traversed.—Robinson v. Rapelye and Smith, 2 Stew. 86. (This was not done.) The answer of the garnishee fully shows that it was the lands of Henry McClellan for which the $100 note was executed by garnishee; that said note was delivered to H. McClellan when executed; "that garnishee had not discovered till Jan'y 17, 1848, that the note was payable to A. J. McClellan, and then said note was in the possession of defendant Henry McClellan,—all which facts thus disclosed clearly prove the said note to be the property of Henry McClellan.

3. The facts disclosed by the answer of the garnishee show the fraud practiced on him by making Andrew J. instead of Henry McClellan the payee in the note of $100—which facts could only have been legally controverted by a regular traverse of his answer, (2 Stew. 86, *supra*,) viz. the minority of Andrew J., and he being a brother of Henry McClellan, and not present at the time the notes were executed, and the $100 note being in Henry McClellan's possession (from whom, to Young, the

consideration passed,) up to and as late as the 17th Jan. 1848.

4. The charges asked for by the plaintiff in error, and by the court refused, were therefore properly refused. If the plaintiff in error had any real interest at all in said note, that interest was privy to the interest which Henry McClellan had—being vendor of lands for which said note was given by said garnishee.—5 Ala. Rep. 648.

5. The garnishee, if his answer is to be accredited, was never at any time before judgment against him before the justice was rendered, informed that defendant in error was owner of said $100 note; *ergo*, the judgment was rightly given against him.— Baker v. Moody, 1 Ala. 421.

PARSONS, J.—This action was brought upon a promissory note made by Young and payable to A. J. McClellan, bearing date the 22d December 1847. It appears that it was made in consideration of land sold by Henry McClellan to Young, and it was delivered by Young to Henry McClellan when it was made. It was made payable to A. J. McClellan, by direction of Henry McClellan, who said that A. J. McClellan was to give him the money for it on that day. Subsequently a judgment was rendered against Young, as garnishee, for part of the debt owing by the same note, in a proceeding before a justice of the peace, in favor of McAfee, to use of Porter, against Henry Mc-Clellan. The bill of exceptions contains the copy of an entry from the justice's docket, in the proceeding of McAfee to use of Porter v. Henry McClellan. This entry shows Young's answer as garnishee, which was made on the 22d January 1848, the judgment against him, and some receipts, by which it appears that he had paid the amount. But the nature of the proceeding in favor of McAfee to use &c. v. Henry McClellan does not appear, nor does it appear that there was any judgment against Henry. The entry was objected to by the plaintiff, but the court admitted it as evidence. It does not appear that Andrew J. McClellan was a party to or notified of any of these proceedings. Young in his answer as garnishee stated certain facts tending to show that the money due by his note was really owing to Henry McClellan, although the note was payable to Andrew J. McClellan, the plaintiff in this action. The court below admitted Young's answer as evidence against the plaintiff,

and this was excepted to. As we infer from the bill of exceptions, it was permitted to have the force of evidence of the facts therein stated. Young had knowledge of the fact that the note was payable to the plaintiff, and consequently the plaintiff should have been made a party to the proceeding.——Clay's Digest, 63, §§ 39, 40. As he was not made a party, he was not bound by the proceedings, and of course Young's answer was no evidence of any fact therein stated against him.——Lampkin v. Phillips, 9 Por. 98; Crayton v. Clark, 11 Ala. Rep. 787; Moore v. Jones, 13 ib. 296. For this error the judgment is reversed and the cause remanded.