Fronch vs. Garner, et al.

FRENCH *vs.* GARNER, et al.

7p 549
114 578

1. Equity will not interfere after a judgment at law, unless the party can impeach the justice of the judgment by facts ; or on grounds of which he could have availed himself, and was prevented from doing, by fraud or accident ; or the act of the opposite party, *unmixed with fault or neglect on his part.*

2. And in all such cases, the fraud or accident becomes a material matter of allegation and proof, and the jurisdiction of the court can only arise from such circumstances, and must be set forth with certainty and precision : and also that the accident or fraud is unmixed with any negligence on the part of the individual, who seeks relief.

3. The rules for allowing parties to come into equity, after trials at common law, are of great strictness and inflexibility ; and therefore, where relief was sought against a judgment at law, *on* account of sickness on the part of a defendant, and his witness ; but the name of the witness was not disclosed, and the precise facts he could establish ; and it was not stated that the other facts necessary to be proved could have been established, if the witness had been present ; or that complainant could not have applied for a new trial at law, and no excuse was shewn for not doing so—The bill was not supported.

4. A note in the hands of a defendant, given by plaintiff, but payable to a third person, although belonging to defendant in right of his wife, is not available as an off-set, unless there is an express promise on the part of plaintiff, to pay the amount called for by the note, to defendant.

5. In general, Courts of Equity, in relation to matters of set-off, follow the rules adopted by Courts of Law; but there are cases, in which a set-off will be available in equity, which would not be so at law. Thus, in a matter where *mutual credit* is given, between the parties, for a demand not allowable as a set-off at law—equity will allow it.

6. Where a special agreement is alleged to exist, to allow a note

held by a defendant, but which would not be a good set-off at law; and it is doubtful whether the agreement could be enforced, except in a Court of Equity—there would seem to be a good ground for equitable interference.

7. Where a portion of a judgment, enjoined in equity, will remain due after offsetting complainant's demand; the injunction will only extend to the sum covered by the off-set, and the plaintiff at law, will be permitted to proceed with his execution, for the remainder, and his costs of suit.

Error to the Circuit court of Dallas, exercising Chancery jurisdiction.

Bill of complaint, tried before Judge *Crenshaw*.

· In this case, an injunction was obtained to stay proceedings on a judgment at law, which at a subsequent term, was, on motion of defendants, dissolved, and the bill dismissed for want of equity.

From this order, plaintiff in error appealed, and assigned that—

The chancellor below erred in dissolving the injunction, and should have decreed in favor of complainant, on the motion to dissolve.

*James B. Clarke*, for plaintiff in error.

*Clarke*, for the plaintiff in error, presented two points for the consideration of the court :

1. That complainant presented a sufficient excuse for not defending the suit at law ;

2. That he presented a case for equity cognizance, notwithstanding the judgment at law.

To support the first proposition, he cited 1 Story's Eq. 94, 95, 106, 107, 120; 2 Ib. 657; McBroom vs. Somer-

French *vs.* Garner, et al.

ville, 2 Stew. 515; 2 Porter, 181; 4 Littell, 163; Hauser vs. Mann, 1 Murphy, 410; 3 Am. Dig. 85; Peirson vs. Meaux, 3 Marsh. 6; 3 Bibb, 254; 2 Ib. 275. To support the second point: 1 Story's Eq. 96; 2 Ib. 656, 657, 659, 661; Hause vs. Mann, 1 Murphy, 410; 3 Am. Dig. 85; Peirson vs. Meaux, 3 Marsh. 6; 3 Bibb, 254; 2 Ib. 275.

GOLDTHWAITE, J.—The bill, in this case, charges that the complainant made his note dated the eleventh day of January, eighteen hundred and twenty-six, payable to the defendant, Garner, or bearer, three days after the date of the same, for the sum of one hundred and sixty-nine dollars. Of this note, the complainant paid sixty-nine dollars, on the fourteenth day of May, eighteen hundred and twenty-six. In April, eighteen hundred and twenty-seven, the complainant became possessed (in right of his wife) of a note of the defendant, Garner, for the sum of one hundred dollars, given to one Lock, the father of complainant's wife.

This note was due in January, eighteen hundred and twenty-seven, and after the death of Lock, came to the possession of the complainant, as his property: Garner, the defendant, promised the complainant that he would discount and set-off the amount due from him on this note, against the note of the complainant then held by him, but the settlement was delayed under some pretence, that he had omitted to bring the note with him.

In eighteen hundred and thirty-two, Garner (for the use of Peters, the other defendant,) commenced a suit at law against the complainant, on the note held by him;

to which suit the complainant pleaded, and intended to rely on the note given to Lock, as a set-off. A witness was subpœned to prove Garner's agreement to allow the note held by the complainant as a set-off, but at the time of the trial, this witness and the complainant were unable to attend the court, in consequence of sickness. The counsel for the complainant never having conversed with the witness, or knowing with certainty what he could prove, was unable to continue the case, and a judgment was rendered for the balance, appearing due on the note, with interest. The bill further charges, that the defendant, Peters, has no interest in the suit, though instituted in his name—that Garner is yet entitled to the money—that he has left the State, and has no effects within it from which the money due to the complainant on the note given to Lock, can be made—and concludes with a prayer of general relief. An injunction was issued restraining the defendants from collecting the judgment. At a subsequent term, the defendants appeared and moved to dismiss the bill for want of equity; which motion was sustained, and the injunction dissolved. From this decree, the complainant appealed, and here insists that two grounds for the interposition of a Court of Equity are presented by the bill:—

1. Because the complainant was prevented from sustaining his defence in a Court of Law, by inevitable accident;

2. Because chancery has original jurisdiction of the case presented by the bill, and the relief sought by it could not have been available, on the plea of set-off.

It is a settled principle, that a Court of Equity will

French *vs*. Garner, et al.

not interfere after a judgment at law, unless the party can impeach the justice of the judgment by facts, or on grounds of which he could not have availed himself; or was prevented from doing it, by fraud or accident, or the act of the opposite party, *unmixed with negligence or fault on his part*—(Duncan vs. Lyon 3 John. Chan. Rep. 351; Royster vs. Watkins, 3 Porter, 436.) What circumstances of fraud or accident will permit a party to go into equity after a judgment at law, does not appear from any adjudicated cases, but it is evident that in all such cases, the fraud or accident becomes a material matter of allegation and proof, as the jurisdiction of the court can only arise from such circumstances. There can be no hardship, also, in requiring the party in such a case, to state with certainty and precision every fact which enters into the particular matter of fraud or accident, in order that the opposite party may disprove or controvert them if necessary; and in addition to such allegations, it must be shewn, in conformity with the rule before stated, that the accident or fraud is unmixed with any negligence on the part of the individual who seeks relief. In the present case, the complainant does not disclose the name of the witness, the precise facts which he could establish, or shew that all the other facts necessary to be proved, could have been established by him, if the witness had been present. He does not shew that he could not have applied for a new trial, to the court which tried the cause, nor shew any excuse for his not doing so. It would be his misfortune, if not informed of the result of the trial, if he could with such information, have had an opportunity to have moved for a new trial. The

7 P. 70

rules for allowing parties to come into equity after trials at law, ought to be of great strictness and inflexibility; otherwise, as observed by Chancellor Kent, in the case before cited, they would create a great public grievance, by encouraging negligence, protracting litigation, exhausting parties, and drawing within the cognizance of courts of equity, the general review of trials at law. The bill cannot be supported on the allegations in relation to the matters of accident.

The second point presents a question of some importance, and was not, in all probability, raised or examined in the court below.

The note attempted to be set-off, appears to be made payable to Lock, and does not appear to have been endorsed. It is alleged to have belonged to the complainant, in right of his wife. These facts, if true, are conclusive to shew, that the note in his hands would not have been available by him as an off-set to the action, unless he could have shewn an express promise by Garner *to pay* him the amount of the note so held. If such promise was made, a present right of action would have accrued to the complainant, and in that event, he could have maintained his defence at law. No such promise is alleged by the bill to have been made, but an *agreement* is set up between Garner and the complainant, that one note should be *discounted* from the other. In general, courts of equity, in relation to matters of set-off, follow the rules adopted by courts of law; but there are cases in which a set-off will be available in equity, which would not be so at law. Thus, in a matter where *mutual credit* is given between the parties for a demand not

French *vs.* Garner, et al.

allowable as a set-off at law, equity will allow it. Judge Story observes, in his commentaries, "there is great reason to believe that whenever there is a mutual credit between the parties touching the same, a set-off is on that ground alone maintainable in equity, though the mere existence of mutual debts, without such mutual credit, would not, even in a case of insolvency, sustain it."—(2 Story's Equity, 662.) In this case, a specific agreement, to allow the note held by the complainant is alleged, and it is questionable if this agreement can be enforced elsewhere than in a court of equity.

This view of the bill presents a distinct ground for equitable interference, and in our opinion the Circuit court erred in dismissing the complainant's bill as without equity; for which error, the judgment is reversed, and the cause remanded for further proceedings : But as a small portion of the debt due on the note given to Garner, will remain unpaid after off-setting the complainant's demand, if he shall make out his case, the injunction in the court below must only be retained for the sum covered by the note held by the complainant. As to the remainder, and for the costs of suit, the plaintiff at law will be permitted to proceed with his execution.