## GARY, USE, &c. v. JAMES.

1. under an agreement by the payee that any note the maker will obtain on him, shall be a good set off, a note against the payee, though not indorsed, will be a good set off against the note when sued on, for the use of another; the set off being obtained before notice that the beneficial plaintiff had acquired an interest in it.

Error to the County Court of Sumter.

Assumpsit by plaintiff, against defendant in error, upon a promissory note. The defendant pleaded non-assumpsit, set off, and payment.

Upon the trial, the defendant proved, that the plaintiff, after the note sued on was made, agreed with the defendant, that any note he might procure on him should be an off set to the note of plaintiff. The plaintiff's counsel objected to parol proof of this agreement, but the Court overruled the objection. It was proved, that when Joseph W. Perry, for whose use the suit was brought, presented the note for payment to the defendant, he refused to pay, because he held a note on the plaintiff. It was also proved, that the plaintiff admitted, that the note offered in evidence as an off set, which was payable to one Sims, or bearer, but was not indorsed, was genuine. There was no proof when Perry obtained an interest in the note sued on, or when the defendant obtained the note offered as an off set, and showed no interest in it further than the possession.

The counsel for the plaintiff moved the Court to charge, that the note being payable to bearer, was not a legal off set in the hands of the defendant; which the Court gave, but also charged, that if there was an agreement between the plaintiff and defendant, that any note the latter might obtain against the former should be an off set, then the note would be a set off, and the possession of it was sufficient proof of interest. To all which the plaintiff excepted, and which he now assigns as error.

Owen v. Henderson.

Greene, for plaintiff in error, cited 1 Ala. Rep. 43; 7 Porter, 549.

Hair, contra, cited 2 Ala. Rep. 284; 4 Id. 663; 1 Id. 41; 3 Id. 256; 1 Porter, 359; 3 Stewart & P. 35.

ORMOND, J.—The charge of the Court was strictly correct. The note which the defendant held upon the nominal plaintiff, was not good as a set off, because he could not maintain an action thereon in his own name. Upon the other ground, however, that the note was procured upon an agreement with Garey, the nominal plaintiff, that it should be set off against the note sued on, it comes within the principle of French v. Garner, 7 Porter, 549. Under that agreement, it would have been a good set off against him, and is therefore good against the beneficial plaintiff, as it was obtained before notice, that the interest of Garey in the note had been transferred. There is no objection to making this proof by parol. Let the judgment be affirmed.