## ENGLISH AND OTHERS v. SAVAGE AND OTHERS.

1. It is not a sufficient excuse for not making a defence at law, so as to give chancery jurisdiction, that a creek, which had to be crossed to get to the court house, was so swollen by rains, on the first day af the court, that it could not be crossed, and so continued for three days—it not being shown on what day the court adjourned, or when the judgment was rendered;

and no effort having been made to get to the court house after the flood subsided.

Error to the Chancery Court of Clarke.   Before the Hon. A. Crenshaw, Chancellor.

THE bill was filed by the defendants in error for an injunction to a judgment at law, obtained originally by the plaintiffs in error against Melville Bracey and Hugh Jones, in the county court of Monroe, which was superseded by a writ of error bond to the supreme court, and there affirmed. That whilst the writ of error was pending, an execution was issued at the instance of one Forward, placed in the hands of the sheriff, Patterson, who levied it on a slave by the name of Jane, and sold her to Forward for $500, in discharge of a debt which Patterson, the sheriff, owed to Forward.   That Savage and Ezell, were the sureties of Patterson, the sheriff, who is insolvent, and were notified, prior to the January term, 1846, of Monroe county court, that a motion would be made against them, as well as against their principal, for failing to pay over the money alledged to have been made on the execution.   That it was agreed, that Savage should, with his attorney, attend the court and defend the motion, but that in consequence of a heavy rain, a creek which intervened between the residence of Savage and his attorney, and the court house, was so swollen on the first day of the term that it could not be crossed, and so continued until the adjournment of the court; whereby they were prevented from reaching the court, and in consequence a judgment was obtained against them, which they afterwards ineffectually attempted to vacate, by a supersedeas, but which the court refused to entertain for want of jurisdiction.   This bill is filed to obtain a perpetual injunction of this judgment.

The bill states at length the defence to the judgment, which would have been made, but this, as well as the answers, need not be here stated, as the judgment of this court does not proceed upon the merits of the case, but upon the neglect of the complainants, in not making defence to the

motion.    The effect of the evidence is embodied in the opin-
ion of the court.

The chancellor, at the hearing, granted the relief sought
by the bill.    This is now assigned as error.

BLOUNT, for plaintiff in error.

1. Plaintiff's bill is in the nature of a bill for a new trial at
law, and cannot be entertained.    McGrew v. Tombeckbee
Bank, 5 Porter, 547 ; Anderson v. Roberts, 18 John. Rep.
515, 533 ; Williams v. Baldwin, Ib. 489 ; Harrison v. Har-
rison, 1 Litt. Rep. 140.    If defence adequate in equity, bill
should have been filed before judgment at law.    Williams v.
Baldwin, 18 John. Rep. 489.

2. Bill shows no diligence in preparing for trial at law.
No witnesses were summoned, and no allegation in the bill
that the defence at law could be substantiated by legal testi-
mony.    The names of the witnesses should have been stated,
and what complainants below expected to prove by them.
The entire want of previous preparation to defend at law,
cannot be covered by the accident of the party and attorney
being absent on the day of trial.    If such were the rule, ac-
cidents would be innumerable.    Moore v. Dial, 3 Stew. 155;
Mock v. Cundiff, 6 Porter, 24 ; Governor, use, &c. v. Butler
et al., at last term ; Governor, use, &c. v. Barrow, 13 Ala.
Rep. 540.

3. The bill is entirely without equity as to Thomas C. En-
glish and Catharine A. English, the plaintiffs in execution.
Nor are they charged with any knowledge of, or participa-
tion in, the acts of Forwood or Patterson.    Chancery will
not interfere when injustice would be done to an innocent
person.    Reynolds v. Dothard et al. 11 Ala. 531.

4. To entitle a party to relief against a judgment at law, it
is not sufficient to show, that the judgment is inequitable,
but the party must show that he has used reasonable dili-
gence before the proper forum.    Mock v. Cundiff, 6 Por. 24 ;
McGrew v. Tombeckbee Bank, 5 Ib. 547 ; French v. Garner,
7 Ib. 549 ; Lee & Norton v. Bank of Columbus, 2 Ala. 21 ;
Simpson v. Hart, 1 Johns. Ch. 97 ; Woodworth v. Van Bus-
kirk, Ib. 432 ; Ib. 465 ; Foster v. Ward, 6 Johns. Ch. R. 87 ;
The Governor, use, v. Barrow et al. ; and the Governor, use,

v. Butler et al. Dec. T. 1847; Bailey v. Anderson, 6 Humph. Tenn. R. 149; Stinnett & Townsend v. Br. B. at Mobile, 9 Ala. 120; Sanders v. Fisher & Phelps, 11 Ib. 812.

Peck, contra.

1. The sudden and unexpected flood was an accident, which prevented a defence at law, without any fault or negligence on the part of the defendants in error, and therefore a good ground to give the chancellor jurisdiction. 1 Story's Eq. ch. Accident, § 78.

Where a party has a good defence at law, and has used reasonable diligence to make it, but is prevented without any negligence or fault on his part, chancery will give relief. 2 Story's Eq. ch. Injunction, § 887, 897; Mock v. Cundiff, 6 Por. 24; French v. Garner, 7 Ib. 549; and other cases since decided by this court; 2 Story's Eq. § 885-6, 894.

2. Had the defendants a good defence at law? Were they, without any fault or negligence on their part, prevented from making that defence, by causes which could not have been foreseen, and over which they had no control.

If the facts disclosed by the bill be true, (and they are all either substantially admitted or proved, as the court will see on examination,) then it seems to me, both of these questions must be answered in the affirmative. The execution under which the slave was sold was wrongfully issued, and as far as Forward and Patterson are concerned, discloses a most disgraceful fraud, and although English, the plaintiff in the execution at law, did not participate in this fraud, yet he will not be permitted to reap the benefit of it, to the injury of innocent persons.

DARGAN, J.—After a judgment at law is rendered, a court of equity will not interpose to let in a *legal defence*, unless the defendant was prevented from making it by fraud or accident, or the act of the opposite party, unmixed with fault or negligence on the part of the defendant. French v. Garner, 7 Porter, 549; Lee & Norton v. The Bank of Columbus, 2 Ala. R. 21.

44

The facts disclosed by the bill, why defence at law was not made, are, that it was agreed, that Savage should attend the court, and Mr. Williams should defend the motion, as the attorney of complainants. That Williams and Savage both resided in Macon, about thirty-five miles from the place of holding the court. That on the 19th of January, the day on which the court sat, it was exceedingly cold and rainy, and the creeks were so swollen that they could not be crossed. That Bassett's creek, which it was necessary to cross, continued impassable until the court adjourned. The evidence however, is, that it was exceedingly cold and rainy, and that Bassett's creek was impassable for three days; and that the court did not usually sit longer than three days; but on what day the court in fact adjourned, or on what day the judgment was rendered, is neither shown by the bill or the proof; and it is manifest, that no effort was made by the complainants, or their attorney, to get to the court; that they could have reached the place of holding the court on Thursday is fairly inferable from the proof, bnt they did not go, presuming the court had adjourned. Whether it had or not, we are not informed by the evidence. When a defendant at law makes no effort to get to the place of holding the court, and in consequence of his absence his legal defence was not, and could not be made, he should show that his efforts would have been unavailing, or that he could not have reached the place during the session of the court, without risk, or hazard. The proof should therefore have shown, when the court adjourned, and that they could not have reached the court before the adjournment. But from the allegations of the bill, it is shown that they did not know of any legal defence, if indeed they have one. They did nothing to ascertain their defence, but simply agreed, that Savage and their attorney should attend the court, and defend the motion. They remained at home, until the day of the commencement of the term; on that day the creeks were impassable, and one continued so for three days; hence they did not attend the court under the presumption the court had adjourned. They should at all events have shown, either that they did go after the third day, or as soon as they

could without risk or hazard, or that the court did in fact adjourn before they could have reached it.

In the absence of any effort to get to the court house after they could have crossed the creeks without difficulty, and there being no proof when the court did adjourn, and as it does not appear from the proof, but that they could have reached the court before the adjournment, we do not think a court of equity should interfere.

The decree of the chancellor is therefore reversed, and here rendered dismissing the bill.