MULFORD *et als. v.* COHN.

To authorize the interposition of a Court of Chancery to enjoin a judgment at law on the ground of newly discovered facts, the proceeding must be taken by the defendant in the judgment at law.

The bill in such case is in the nature of a bill in equity for a new trial. The averments necessary in such a bill, stated.

*Query:* whether plaintiffs in this case could maintain the action, even if the necessary averments were made. See facts.

Refusal to remand the cause for the purpose of amending the bill; but the Court does not decide that a new bill with proper amendments cannot be filed.

APPEAL from the Sixteenth District.

Bill to enjoin a judgment at law obtained by defendant against a portion of the plaintiffs.

The suit is brought in the name of D. L. Mulford, Sheriff, and the sureties on his official bond, and the firm of Truett, Jones & Arrington in their own right, and as assignees of Edwards & Co.,

against Meyer Cohn ; and the complaint avers, in substance, that Truett, Jones & Arrington began suit on the twenty-eighth of March, 1859, in the Sixteenth District against S. Goldstine and A. Cohn, doing business as S. Goldstine & Co., at Lancha Plana, Amador county, to recover six hundred and sixty-four dollars and eighty-nine cents ; that an attachment was issued on the same day, and the goods, etc., of the defendants therein seized by Mulford, Sheriff, and one of the present plaintiffs, and that subsequently, on the sixth of April following, judgment was had for the amount ; that on the second of April, 1859, A. S. Edwards & Co. also began suit in the same Court, by attachment, against Goldstine & Co. for $1326.04, and had the same goods levied on ; that on the sixteenth of May, 1859, Edwards & Co. had judgment for the sum claimed, of which judgment Truett, Jones & Arrington are now the owners ; that at the time of said attachments most if not all the goods so seized were goods sold to defendants by Truett, Jones & Arrington and Edwards & Co., and the suits were brought for the price ; that in consequence of said seizure, Meyer Cohn, defendant here, brought suit in said Court against Mulford and his sureties for the value of the goods, claiming to have purchased them of Goldstine & Co. prior to said seizure ; that plaintiffs Truett, Jones & Arrington then fully indemnified said Sheriff from all loss or damage to arise from said last named suit, or from his seizure of said goods ; that afterwards, June 14th, 1859, Meyer Cohn obtained judgment against Mulford and his sureties for $1893.20, besides interest and costs ; that Mulford and his sureties, by direction of plaintiffs Truett, Jones & Arrington, appealed to the Supreme Court, where the judgment was affirmed ; that said Meyer Cohn has procured from that Court a remittitur to the Court below, and will, if not restrained by this Court, cause an execution to issue on said judgment against the goods and chattels of Mulford and his sureties ; that Truett, Jones & Arrington are the only parties interested in enjoining said execution, the only parties to suffer from the enforcement of said judgment—Mulford and his sureties being fully indemnified ; that they, Mulford and his sureties, in their answer to the suit of Meyer Cohn, charged that the sale of the goods to him by Goldstine & Co. was made to hinder, delay and

defraud creditors, was fraudulent and void, which said charges at that time, to wit : on the day upon which said cause was tried—said Mulford, from the cunning manner in which said Goldstine & Co. and Meyer Cohn had covered up said fraudulent sale and purchase of said goods, was unable to establish ; that since said judgment of Meyer Cohn against Mulford and his sureties, evidence of the most satisfactory character has come to the knowledge of these plaintiffs, of the fraud, covin and collusion between the parties to said ‖pretended sale and purchase of the said stock of goods, to wit : between Meyer Cohn the purchaser of said goods, and S. Goldstine and A. Cohn the vendors of the same ; that from the declarations and confessions of said parties but recently developed and brought to light, and of which these plaintiffs were ignorant at the time of the trial of the cause of Cohn against Mulford and his sureties, a systematic plan had been laid and adopted by the said Cohns and Goldstine to cheat, defraud and swindle the merchants of San Francisco, and particularly the plaintiffs Truett, Jones & Arrington ; that this conspiracy ramified and extended over several of the mountain and mining counties of the State, and that these plaintiffs Truett, Jones & Arrington, among others, were victimized by the said Cohns, Goldstine and other scoundrels of like ilk, banded together for the express and since avowed purpose of legalizing robbery, to sanction swindling by every species of fraud and perjury ; that this conspiracy was entered into between said Cohns, Goldstine and others for the purpose of swindling and defrauding the merchants of San Francisco ; that a part of the plan was that such of said conspirators as could obtain credit for goods, wares and merchandise from merchants in San Francisco should do so, and when purchases were so made, the goods were forwarded to the mountains and disposed of as speedily as possible, and if not all sold before the time expired for the payment of the same, then the residue of such purchase was pretendedly sold and transferred to Meyer Cohn, who shared the value of said goods with his other conspirators ; that this system of swindling was carried on for a long time, and that the purchase of goods made by said Goldstine & Co. of plaintiffs Truett, Jones & Arrington, and for which they brought the action hereinbefore stated against Goldstine & Co. and

caused the goods to be attached, for which Meyer Cohn brought the suit hereinbefore stated against said Mulford and his sureties, was made by said Goldstine & Co. under the agreement with said M. Cohn, that before the demand for said goods became due, or before suit brought for the recovery of the value of the same, said goods were to be pretendedly sold to him, said Meyer Cohn, by Goldstine & Co., for the purpose of hindering, delaying, and defrauding plaintiffs Truett, Jones & Arrington; and that said Meyer Cohn and Goldstine & Co. were to divide the value of said goods between them; and that this transaction was but one of a number of others, carried out and consummated under and by virtue of their contract of systematically swindling the merchants of San Francisco; that the sale of the goods, wares and merchandise by Goldstine & Co. to Meyer Cohn was fraudulent, and made for the purpose of hindering and delaying the creditors of said Goldstine & Co. from collecting their debts, and particularly to hinder and delay plaintiffs Truett, Jones & Arrington; that when said pretended sale was made by Goldstine & Co. to Meyer Cohn, the money that passed at the time between the parties, and stated to be in payment for the goods, was merely handed over to said Cohn to give the transaction the apppearance of honesty and fairness, while in fact no payment was made, and the design of the transaction was to cover up and conceal the fraud and swindle said Cohns and Goldstine & Co. had mutually agreed to practice upon plaintiffs Truett, Jones and Arrington, and others, merchants of San Francisco; that the judgment obtained by Meyer Cohn against Mulford and his sureties was obtained by said Meyer Cohn through fraud, covin, and deceit; that said Goldstine and A. Cohn are wholly insolvent, and have no visible property out of which to make plaintiffs' judgment against them, or any part thereof; and should said Meyer Cohn be permitted to enforce his judgment against Mulford and his sureties, these plaintiffs Truett, Jones & Arrington will be compelled to pay the same to said Mulford, and thus be subjected to great and irreparable loss and injury, and be without remedy in the premises. Prayer that the judgment of Meyer Cohn against Mulford and his sureties be declared null and void for fraud; that Cohn be enjoined from enforcing the same until the hearing; and then for a perpetual injunction and general relief.

Upon the complaint being filed, the Judge below issued an order restraining defendant from enforcing his judgment against Mulford and his sureties until further order in the premises. Defendant demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, or to entitle plaintiffs to the relief sought. Demurrer sustained, bill dismissed, and judgment for defendant for costs. Plaintiffs appeal.

*Briggs & George*, for Appellants, to the point that the facts charged in the complaint are sufficient to maintain the action, cited Story's Eq. Pl. secs. 426–7; Story's Eq. Jur. 191, 894, 896; *Shedden* v. *Patrick*, 28 Eng. L. & E. 56; 4 Bac. Abr. 424, under head "In what Court fraud is cognizable," case of *Kent* v. *Bridgman*, Pr. Ch. 233, referred to.

*Tod Robinson*, for Respondent.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

The bill in this case cannot be sustained. If judgment was obtained in the action at law by Cohn against the Sheriff and his sureties, and such facts have since come to light as would authorize the interposition of a Court of Chancery to enjoin the judgment, this proceeding must be taken by Mulford, the Sheriff, and his codefendants in the judgment. Such a bill would be in the nature of a bill in equity for a new trial. It must be shown distinctly in such a bill that the facts are of controlling force; that they were not known to the defendants at the time of the trial; that the defendants used all proper diligence to prepare their case for trial, and to procure the evidence, and that they were unable, without fault or negligence on their part, to procure it; that the testimony is now within their control, and that they will be able to procure it on another trial. The bill should state particularly the facts to be proved, the names of the witnesses, and show the bearing and relevancy of the proposed proofs. It should also show when and how the facts discovered came to the knowledge of the plaintiffs, and why no motion for a new trial was made in the Court trying the case, and before the lapse of the term. (See *French* v. *Garner*,

7 Porter, 552; *Duncan* v. *Lyon*, 3 Johns. Ch. R. 351.) It is not necessary to decide that upon such a bill as that indicated the plaintiffs here could stand. It is certain that the one before us is not sufficient, and that the demurrer was properly sustained.

Judgment affirmed.

On petition for rehearing the opinion of the Court, per the same Justices, was as follows:

Rehearing denied. We cannot remand the cause for the purpose of amendment to the bill; but we have not held or intimated that a new bill with appropriate amendments might not be filed.