## JOSEPH E. PLUMMER v. TOMASA POWER ET AL.

It is conclusively settled, by repeated decisions of this court, that a new trial may be granted by the district court in a case properly invoking its equitable powers, after the adjournment of the term of the court at which the judgment was rendered. (Paschal's Dig., Art. 1470, Note 566.)

But it is equally clear that such relief will not be granted unless the party seeking it can show that he was prevented from making a valid defense to the action, in which the judgment has been rendered against him by fraud, accident, or the act of the opposite party, unmixed with fault or negligence on his part. (Paschal's Dig., Art. 1470, Note 566.)

He must be able to impeach the justice and equity of the verdict of which he complains, and to show also that there is good grounds to suppose that a different result will be attained by a new trial.

It has been repeatedly decided in this court, that the eleven-league grants to Power and Hewitson, within their colony, on Aransas bay, being within the littoral leagues, and having been granted without the consent of the President of Mexico, are invalid, and vest no title. (Paschal's Dig., Art. 546, Notes 150, 348.)

But now it is insisted, that this void grant may be used to prove the extent of the boundaries within which the plaintiffs claim, and by the length of possession to raise the presumption of a grant to the extent of these boundaries, or else to avail themselves of such possession under the statute of limitation. But it is not shown that the title passed from the government, or that the defendant had a title to the land, until a few weeks before the commencement of his original suit. Therefore no defense could have been interposed under the statute of limitation. (Paschal's Dig., Arts. 4622, 4624, Notes 1031, 1033.)

As there was no proof to show that the plaintiff in the ejectment suit acquired his title more than ten years before commencing his suit, the court thought it unnecessary to decide the effect of the 17th section of the statute of limitation of 1841, or to say whether the 39th section of the act of 1836 is still in force. (Paschal's Dig. Arts 4602, 4624, Notes 1015, 1033.)

And although the contrary doctrine was intimated in some of the earlier decis-

ions of the court, it is now conclusively established that the instruction given the jury in the district court, that the plaintiffs were entitled to a verdict if they had shown "ten years' peaceable and exclusive adverse possession presumed," prior to the commencement of the original suit in which judgment had been taken against them, cannot be sustained upon the doctrine of presumed grants. (Paschal's Dig., Art. 4624, Note 1015.)
The cases of Watkins v. Taylor, 26 Tex., 688; Walker v. Hanks, 27 Tex., 535; and Biencourt v. Parker, Tex., 558, which qualify the doctrine about the presumption of grants, referred to and approved. (Paschal's Dig., Art. 4624, Note 1033.

APPEAL from Calhoun. The case was tried before Hon. FIELDING JONES, one of the district judges.

Tomasa Power, James Power, Henry D. Norton, Walter Lambert, Moses Simpson, and Patrick Shelby presented their petition to Hon. Fielding Jones, judge of the tenth judicial district of the State, against Joseph E. Plummer, jr., in which, in substance, it is alleged, that the said Joseph E. Plummer, jr., commenced his action by petition against the now petitioners, Tomasa Power, James Power, Henry D. Norton, Walter Lambert, Moses Simpson, and Patrick Shelby, in the district court for the county of Refugio, to try title to a tract of land supposed to embrace the land held by them, which had been granted to James Power and James Hewitson; that after the commencement of the action, at the succeeding term of the said court, the venue was changed to Calhoun county, and the record filed in the district court for the said county of Calhoun; that, in absence of the counsel of petitioner, the plaintiff, by his attorney, brought on said action for trial, and obtained verdict and judgment. The petitioners, therefore, upon the facts and circumstances stated in the petition, prayed for a new trial. The judge granted an injunction to the judgment, and the petition was filed in the said district court for Calhoun county. At the December term of said court Plummer appeared and answered, and a trial was had, and verdict for petitioners, and judgment rendered, that the judgment rendered in favor of said Plum-

mer be set aside, and a new trial granted. From this judgment said Plummer gave notice of appeal, and the appeal having been perfected, the record was filed in the Supreme Court at Galveston. At the first term of that court the appellees moved to dismiss the appeal.

In the answer of Plummer, he denied and traversed all the grounds alleged for a new trial. He specially denied the validity of the title under which the plaintiff claimed. He insisted that it was void, and that the plaintiffs were not and could not be protected by limitation, and, finally, that they had no valid defense to the action. He insisted that his judgment was just and lawful and fair, for reasons given in the answer. The defendant moved to dissolve the injunction, and having sworn off all the equity in the bill, the injunction was dissolved. The issues made by the pleadings were submitted to a jury. The plaintiffs proved their title, as they would upon a trial in ejectment; and also proved the length of their possession or residence on the eleven-league grants of Power and Hewitson; and the plaintiffs also proved the circumstances which excused the attendance on the court by the plaintiffs' attorney. The court charged the jury upon the titles and upon these circumstances. But the verdict of the jury was confined to the grounds of new trial merely. The verdict was in favor of the plaintiffs, and the order was for a new trial. But, in the opinion of the court, the merits of the plaintiff's case seem to have been considered; that is, it was determined that he did not show such facts as would have been a good defense in the former suit. The appellees moved to dismiss the appeal.

1. Because there was no final judgment rendered in the case on which a new trial had been granted.

2. The granting of a new trial is a matter of discretion only, and no appeal or writ of error will lie thereto.

*Robert Hughes,* for the motion.—I. It is admitted to be the

rule, that when an application is made, after the adjournment of a term at which judgment was rendered, by petition, for a new trial, it must be shown, 1st, That there is such a case as, if applied for in time, would entitle the party to a new trial; and, 2d, A good reason must be stated why the application in the ordinary manner was not made in due season. (Goss v. McClaren, 17 Tex., 107; Spencer v. Kinnard, 12 Tex., 187.)

1. The application was made by petition, after the close of the term at which the judgment was rendered, and it is set forth in the petition that the plaintiffs had an indisputable title to the land in question by the operation of the 14th section of the act of limitation of 1847, Hart. Dig., Art. 2390, and by the presumption of a title by reason of lapse of time, accompanied with possession.

2. The trial, by virtue of which a verdict and judgment were rendered against the petitioner, was had during the absence of their counsel, who was the counsel, agent, and attorney, looked to and depended upon to attend to the case, and who was absent on necessary business in Washington, in the District of Columbia, up to the 10th day of May, 1858, from the latter part of November, 1857, and the counsel was apprized when he left home that the term of the court in Calhoun county, by law, was to be held in February thereafter; and when he ascertained that he could not attend that term, he made the necessary arrangement for the contingency. But he did not know of the change of the term from February to May until his arrival in Galveston, on the 10th day of May, 1858.

3. That when said counsel arrived at Galveston it was not then in his power to proceed by steamer to Powderhorn, where the court was then in session; but the record shows that this was unnecessary, for the judgment was rendered on the 8th day of May, 1858, and the day on which the counsel arrived from New Orleans on the steamer was the last day at which a motion for a new trial could be entered,

and he could not have arrived there until the next day. The plaintiff in the petition for a new trial had an indisputable title, for the reason given. The possession was proved by the witnesses, John Hyres and John Clark, shortly after the issuance of the grant, in 1824, to Power and Hewitson, and was continued by James Power down to his death, in 1852 or 1853, and by his widow and children after his death, to 1st of September, 1856, when this suit was commenced. Besides, the facts are proved by the rule of law, which establishes the admission of all facts stated by the plaintiff, and not denied by the answer.

The appellants seek to avoid the effect of proof, by maintaining that his title did not accrue by patent from government until May, 1856, and consequently, having no cause of action or right of entry, there could be no bar by reason of adverse possession.

To this we answer, that the plaintiff is stating a fact, the effect of which is to avoid a bar by virtue of nearly twenty years' adverse possession, and the burden of the proof of his case is upon him, and if he does not make it, there will be a bar.

Again, he shows a patent in May, 1856; but we know that a right of entry must accrue by virtue of a location and survey; and we also know that the different district surveyors' offices, by law, were open for locations and surveys early in 1838, nearly twenty-one years since; and as the survey upon which the patent is founded might then have been made, and, it not being proved when it was made, the matter is left *in dubio*, and the right cannot be determined so as to avoid the bar.

Again, it is said by counsel for appellant, that the grant under which we claim, being like that in Egery v. Power, 5 Tex., 501, is void, because made in violation of the 4th article of the general colonization act of the 18th August, 1824. The fact that the grant is void is the very reason why the statute provides for a bar of the right of entry

by reason of adverse possession for the time prescribed. (Charle v. Saffold, 13 Tex., 94.)

But, again, the survey will authorize to presume a grant, perfect in all its parts, from the lapse of time, accompanied with the adverse possession, which was proved.

This presumption is the application of a rule of evidence of the forum, and whether the possession was during the existence of a former government makes no difference. If the Mexican power had continued, the possession might not have been sufficient; but that not being so, and we now being governed by the rules of evidence of the common law, those rules are to be applied to a possession affecting the right of recovery. (Lewis v. City of San Antonio, 7 Tex., 288.) And the grant in question was offered in evidence properly to show the boundary of the possession claimed. (Dangerfield v. Paschal, 11 Tex., 579.)

The presumption generally, in countries or States governed by the common law of England, arises from possession for twenty years, founded on the statute 21 James I, ch. 16, barring rights of entry within twenty years. (Lewis v. San Antonio, 7 Tex. 288,) Our statute of 1841, § 14, Hart. Dig., Art. 2390, is like the English statute, but with a period of ten, instead of twenty years prescribed for the time of limitation. We are, if governed by principle, to rest upon the presumption from possession of ten years of our law, instead of twenty years under the English statute.

Not only grants, but every thing else which is necessary to quiet a long-standing possession will be presumed. (Lynch v. Branch Bank of Kentucky, 5 J. J. Marsh., 562; Matthews on Presumptive Evidence.)

But have the appellants shown a sufficient excuse, 1st, for failing to be present at the trial; 2d, for failing to apply for a new trial during the term.

Here is the turning point. 1. As to the facts, as in regard to other facts before stated.

The state of the pleadings admits the facts charged, for

they are not denied; but their force is sought to be avoided by other facts, and by the rule of the law as to the failure of the counsel to attend the trial.

The defendant insists that certain facts exist which show that A. M. Hughes was the agent and partner in the practice of the law of Robert Hughes, and that he gave notice of the change in the time of the holding the court to said A. M. Hughes. But Joseph F. Smith, who wrote the answer, being called as a witness, only reasserts what he had written for, and advised his client to swear to, and admits that A. M. Hughes never had any thing to do with his father's land cases; and said defendant insists that the failure of said Hughes only shows neglect, which is not to affect his case.

2. Now, having proved the facts, how is the law?

The counsel for appellants contend that the counsel was absent from the trial and inattentive to the business of his client, which is to be characterized as negligence.

We take it a distinction is to be taken between negligence; there may be an absence by those whose duty it is to attend to the case, or a want of evidence, which may be excusable; and then it is not negligence.

In Mississippi, a person was sued by writ returnable to a regular term of a court, but by reason of the death of the clerk the regular term was not held; but there was a special term, at which judgment was rendered. A bill for a new trial was filed, in which the complainant stated that he did not know of the appointment and holding of the term, and that the judgment was not warranted; and the court gave a new trial, because he was not chargeable with negligence. (Joslin v. Coffin, 5 How., 541.)

In the case the court speaks of constructive notice, which would not be binding when the party to be affected was out of the State. This rule applies here, for the counsel was to be charged with constructive knowledge of the existence of a law when he was out of the State. This power is upon the ground, that ignorance, or mistakes of law, is

in no case an excuse in cases like this, which is not admitted to be the rule.. This court has said, that in such cases the proof must be clear, or the excuse will not be allowed; thereby recognizing the rule that such ignorance or mistake may be received as an excuse. (Pierce v. Cole, 17 Tex., 261.)

But it is insisted, that though counsel might be excused, the party himself cannot be; for, if he had attended, the difficulty might have been avoided. All the parties, plaintiffs and defendants, to actions, have a right to employ agents to prosecute and defend actions; and, when so appointed, are in the room and stead, and represent their clients. (Patterson v. Matthew and Wife, 3 Bibb, 80.)

Is a sufficient reason given for the failure to apply for a new trial, during the term at which the judgment was rendered? It is admitted that there is. The judgment was rendered on the 8th day of May, 1858, while the counsel was in New Orleans, and the last day on which a new trial could be applied for was on the 10th day of the same month; and the evidence of Mr. Hale shows, that the counsel having arrived at Galveston about four p. m. on the 10th, it was impossible to arrive at Powderhorn, where the court was held, before twelve o'clock, noon, of the 11th, he having arrived by the first conveyance by steam to that place. The rule is absolute, that the ordinary application for a new trial cannot be made more than two days after the rendition of the verdict. (Hart. Dig., Art. 112.) But were this not so, then it is admitted by the plaintiff, in the petition, that the counsel whose acts are in question could not go in the steamer to Powderhorn in which Mr. Hale went; and this is a matter of fact, and is not denied in the answer.

*Allen & Hale,* for appellant.—In opposition to the motion to dismiss the appeal, on the ground that the judgment of the district court was interlocutory, we refer to Goss v. McClaren, 17 Tex., 107.

And as to the ground that this court cannot revise the judgment on account of the discretionary power of the district court to grant or refuse a new trial, we refer to Goss v. McClaren, 17 Tex., 107; Caperton v. Wanslow, 18 Id., 125.

MOORE, C. J.—It is conclusively settled, by repeated decisions of this court, that a new trial may be granted by the district court in a case properly invoking its equitable powers, after the adjournment of the term of the court at which the judgment was rendered. (Goss v. McClaren, 17 Tex., 107; Fisk v. Miller, 20 Id., 578; Burnley v. Rice, 21 Id., 180; Vardeman v. Edwards, 21 Id., 740.) But it is equally clear that such relief will not be granted unless the party seeking it can show that he was prevented from making a valid defense to the action in which the judgment has been rendered against him by fraud, accident, or the act of the opposite party, unmixed with fault or negligence on his part. He must be able to impeach the justice and equity of the verdict of which he complains, and to show, also, that there is good ground to suppose that a different result will be attained by a new trial. (French v. Garner, 7 Port., 549; Vanlew v. Bohannan, 4 Rand., 537; Sturnett v. Branch Bank, &c., 9 Ala., 120; Secor v. Woodward, 8 Id., 500; Vardeman v. Edwards, 21 Tex., 740.)

As the exception to the sufficiency of the petition to account for and excuse the plaintiffs' failure to make their defense to the original suit was not acted on in the district court, it is unnecessary for us to consider this aspect of the case. Nor, in the view which we take of it in other respects, is this necessary for its proper and ultimate disposition.

It has been fully and finally determined, by a number of decisions of this court, that the title upon which the plaintiffs in the court below rely is invalid, and vests no inter-

est in the land to which it refers in those holding and claiming under it. Nor, indeed, do the plaintiffs now maintain that it shall be considered by the court for any other purpose than to show the boundaries of the land, which they contend has been held in possession by themselves, and those under whom they claim, a sufficient length of time to authorize the presumption of a grant; or to entitle them to avail themselves of such possession, under some one or other of the provisions of the statute of limitation, as a defense to a suit for the recovery of the land. It is not shown, however, that the title to the land in controversy passed from the government, or that the plaintiff in the original suit had a right of action for it until he obtained the patent on which he relied, which was only a few weeks before the commencement of the original suit. It is evident, therefore, that no defense could have been interposed to his recovery, under the statute of limitation, if the imperfect title under which the other parties claim the land could be made available for this purpose, except upon a different state of facts from that shown in the present record. To have entitled them to urge such a defense, the date of the location or survey upon which the patent was founded must have been shown. It is therefore unnecessary for us to consider whether, under other circumstances, the imperfect title under which the plaintiffs in this suit entered upon the land might have been admissible, in connection with the proof of the possession set up by them, to have sustained a defense to the original suit under the 14th or 17th sections of the act of limitation of 1841, or the 39th section of the act of December 20, 1836, to organize inferior courts, if it is still in force.

And although the contrary doctrine was intimated in some of the earlier decisions of the court, it is now conclusively established, that the instruction given the jury in the district court, that the plaintiffs were entitled to a verdict if they had shown "ten years' peaceable and exclusive

adverse possession before," prior to the commencement of the original suit, in which judgment had been taken against them, cannot be sustained upon the doctrine of presumed grants. This question was very fully considered and ably discussed by Mr. Justice Bell, in the cases of Watkins v. Taylor [26 Tex., 688] and Yancey v. Norris, [27 Tex., 40;] decided at the Tyler term of this court, 1863, and though the facts, certainly in the latter case, were much more favorable than here presented, the court held them insufficient to raise the presumption, or to cure a defect in a title similar to that in the title under which these parties claim to have entered upon and held the land here in controversy. Since that time the same question has several times been before the court, and the opinions in said cases have been uniformly sanctioned, approved, and followed. (Walker v. Hanks, Aust. T., 1864,) [27 Tex., 535;] (Biencourt v. Parker, Gal. T., 1864,) [27 Tex., 558.] And it would be now a profitless consumption of time to review the grounds upon which the conclusions there attained were rested, or to enter upon a new and original discussion of the question.

It must therefore be held, that the plaintiffs in this suit altogether failed to show that they could, under any circumstances, have made a valid defense to the original action, and that the instruction to which we have referred, and which no doubt misled the jury in their verdict, was improper, and unsustained by either the law or facts of the case.

The judgment is reversed, and the cause

REMANDED.