36b 193
74 281

## M. H. RAGSDALE AND ANOTHER V. PARIS GREEN.

1. In 1867 G. recovered judgment by default against R. ; at the next term of the court, in February, 1868, R. moved the court to vacate the judgment rendered at the former term, which motion was sustained, and R. permitted to file an answer ; at a subsequent term of the court, in 1870, G. moved the court to dismiss the case and grant execution on the original judgment of 1867, which motion was sustained and the cause dismissed.

13

*Held,* that the proceedings subsequent to the rendition of the original judgment were all irregular and void. R.'s remedy was by original action to set aside and vacate the judgment of 1867.

2. In this State a District Court may exercise a revisory power over its own judgments and decrees after the adjournment of the term at which the judgment or decree was rendered, but the power must be exercised upon an original proceeding, instituted specially for that purpose.

3. A suit instituted for the purpose of vacating and setting aside a judgment of a former term of the court, must be brought in the ordinary form, with service on the opposite party, and the petition must set out sufficient matter to have entitled the party to a new trial, if applied for at the term at which the judgment was rendered, and a sufficient legal excuse for not having then made the application.

4. On the adjournment of a term of court in which there had been rendered a final judgment, the District Court lost all jurisdiction over the case, and any order made at a subsequent term, without some action by the parties in the nature of an original proceeding. would be *coram non judice,* and consequently void.

APPEAL from Fannin. Tried below before the Hon. W. H. Andrews.

There is no occasion for a statement of the facts.

*Maxcy & Long,* and *W. M. Walton,* for the appellants.

*Throckmorton & Brown,* for appellee.

OGDEN, J. In this cause there were three judgments of the same court, in relation to the same subject matter, and from the third an appeal has been taken, which presents for decision the question in relation to the authority of the District Court, at a subsequent term, over its former judgments and decrees; and how, and to what extent, that authority may be exercised. At common law the courts had no revisory power over their own judgments, especially after the term of the court in which the judgments were rendered. And in States and countries where the law and chancery jurisdiction are maintained separate and distinct, the only relief against a judgment at law, after the adjournment of the term, is by an original suit in chancery.

In this State, where the courts have general jurisdiction without regard to any distinction between law and equity, the District Court may exercise a revisory power over its own judgments and decrees after the adjournment of its term, as a court in chancery may over a judgment at law; but in doing so, it must be governed by the same rules and subject to the same restrictions as a court of equity, in the exercise of that important authority.

It has been repeatedly decided by this court, that the District Court may vacate its judgment of a former term, and grant a new trial for good cause shown; but that must be done by an original proceeding instituted especially for that purpose. (9 Texas, 59; 8 Texas, 341; 17 Texas, 120; and 18 Texas, 132.)

After a judgment is rendered, and the adjournment of the court for the term, the cause has passed from the jurisdiction of the court, and will then require an original suit to set that judgment aside, which must be brought in the ordinary form, with service on the opposite party. The petition for that purpose must, among other things, "set out sufficient matter to "have entitled the party to a new trial, if applied for at the "term, and a sufficient legal excuse for not having then made the "application." (17 Texas, 120; 13 Texas, 444; 18 Texas, 134.)

Upon the authority here cited, we are constrained to decide that appellants failed to pursue the method to obtain a new trial pointed out by the law and precedent as requisite, after the adjournment of the term of the court; and that the court erred in entertaining a simple motion for a new trial, and in vacating the judgment of 1867 upon the motion filed. The appellants not only failed to adopt the only legitimate course to bring the matter a second time before the court, but they also failed to present to the court such a cause of equity as would entitle them to the relief asked; as they showed no reason for not appearing at the former term of the court, and pleading their defense. The judgment entered at a former term of the court was final, and the rights of the parties had become vested, and as a consequence, the court had no farther jurisdiction over the matter, and could exercise

none legitimately, excepting as pointed out by law ; and as the court had no jurisdiction, then all orders or decrees entered in relation to the subject matter, must be null and void (McKeen v. Ziller, 9 Texas, 59) ; and if the judgment of the court vacating the judgment of August, 1867, was void, then the judgment in 1870, setting it aside, and ordering out execution, must be valid.

This view of this cause renders it unnecessary to notice the errors in the first judgment of the court in this cause, as that judgment is not properly before us for revision. There were errors in the first judgment, and the second was void; and as the third judgment (the one appealed from) was simply setting aside a void judgment, we see no error sufficient to authorize a reversal. It is therefore affirmed.

OGDEN, J. This cause is now before us on a rehearing granted at the last term of this court, and we have again carefully examined the record, and considered the questions of law presented, as well in the assignment of errors, as the original and supplemental briefs of counsel, and have been unable to satisfy ourselves that there was sufficient error in the former opinion delivered in this cause, to authorize a modification of the judgment. On the contrary, we think a simple statement of the grounds upon which our former opinion was based, will be sufficient to demonstrate the correctness of that opinion.

In August, 1867, the appellee recovered a judgment in the District Court for Fannin county, against the appellants, for the sum of one thousand one hundred and four dollars and nine cents, by default; and at the next term of the court, the appellants filed a simple motion to set aside the judgment of a former term, and for leave to file their answer to plaintiff's petition, and for a new trial. In their motion for a new trial, they do not attempt to give any cause or equitable excuse for not appearing and answering at the former term, nor any reason for not filing their motion for a new trial as required by the express terms of the law, but appear to have acted as though there was no limit in time for, or right to, a new trial,

provided they could show to the court, in a simple motion for that purpose, that injustice had been done. We do not understand our laws, or the uniform practice of our courts, as prescribing or recognizing any such right. And while we are willing to admit that there may have been a great wrong committed in the judgment of 1867, yet we are quite positive that the appellants mistook their remedy. After the adjournment of the term of the court in 1867, in which there had been rendered a final judgment, the District Court lost all jurisdiction of the cause, and any order it might thereafter make, without some action by the parties in the nature of an original proceeding, which would confer jurisdiction, would be *coram non judice*, and consequently void. The appellees had a remedy by an appeal, or writ of error, or they might have brought another action by petition in the nature of a bill of review; or if, as is now claimed, that judgment was absolutely void, the enforcement of the same might have been perpetually enjoined. But a motion for a new trial, or a motion to set aside the judgment, after the adjournment of the term, was not the legitimate and proper remedy, and conferred no jurisdiction upon the court, and the order of the court sustaining that motion, and all subsequent orders and judgment made in the premises, were simple nullities, and should have been wholly disregarded by the court at any subsequent term, unless it were the simple order of striking the cause from the docket, and thereby permitting the enforcement of the judgment of 1867.

We do not think it proper to notice in this opinion the able argument of counsel for appellants, to convince us that the judgment of 1867 was not only erroneous, but null and void; for the reason that we do not think that judgment legitimately before us. But if that judgment is void, then no time can validate it, and the appellants may yet have relief from the hardships of which they complain by pursuing a legitimate and appropriate remedy.

The judgment is re-affirmed.

                                                    Affirmed.