C. W. CHISHOLM v. J. N. DAY.

(No. 422, Op. Book No. 1, p. 741.)

APPEAL from Upshur County.   Opinion by WHITE, J.

§ **527.** *New trial after expiration of term of court; rules relating to.*  Appellant recovered a judgment by default against appellee in the county court.  Four months after the rendition of said judgment, appellee made a motion for a new trial, which was granted, and the judgment by default was set aside.  Appellant was then ruled to give security for the costs of the suit, which he failed to do, and his suit was dismissed.  *Held,* a court may vacate its judgment of a former term, and grant a new trial, for good cause shown, but this must be done upon an original proceeding instituted especially for that purpose.  [McKean v. Ziller, 9 Tex. 59; Gross v. McLaren, 8 Tex. 341; Goss v. McClaren, 17 Tex. 117; Caperton v. Wanslow, 18 Tex. 125; Plummer v. Power, 29 Tex. 6.]  After a judgment is rendered, and the adjournment of the court for the term, the cause has passed from the jurisdiction of the court, and it will then require an original suit to set that judgment aside, which must be brought in the ordinary form, with service on the opposite party.  The petition for that purpose, amongst other things, must set out sufficient matter to have entitled the party to a new trial, if applied for at the term, and a sufficient legal excuse for not having then made the application.  [Ragsdale v. Green, 36 Tex. 195; Hough v. Hammond, id. 659; Vardeman v. Edwards, 21 Tex. 745.]  No such proceedings were had in this case, and the action of the court in setting aside the judgment by default was a nullity, and that being a nullity, all the subsequent proceedings were void.