## C. W. CHILSON v. J. N. DAY.

*Practice* —After a judgment has been rendered, and the court below has adjourned, the cause passes out of the jurisdiction of the court, and it will require an original suit, with service on the other party, to set aside the judgment. The petition for that purpose, amongst other things, must set out sufficient matter to have entitled the party to a new trial, if applied for at the time, and sufficient excuse for not having made the application.

Appeal from the County Court of Upshur. The opinion states the case.

C. C. Galloway for appellant. No brief for appellee.

Opinion by White, J.—Suit was brought by appellant, in the county court, on the thirty-first of October, 1876, to recover an account for $284.01, being for work and labor done, and money advanced, for the defendant (appellee) in and about a steam sawmill belonging to defendant, and to enforce a lien against said property for the mechanic's work so done and money advanced.

The petition alleges that there was no written contract between the parties, but that plaintiff, in order to secure his lien, had filed his account in the county clerk's office, and had the same recorded, and at the same time caused a duplicate copy of the same, under oath, to be served upon defendant, as is provided by statute. (Acts 1871, second session, p. 28.)

Citation upon the petition was regularly issued, and served upon the defendant, and at the January term, 1877, the case having been called for trial, and defendant having failed to appear and answer, judgment by default was entered for the amount of the account, and a decree foreclosing the mechanic's lien was rendered.

Four months afterwards, to-wit, the twenty-third of May, 1877, the defendant filed a motion for a new trial, which was, over objections by plaintiff, granted by the court. Defendant then filed his answer at the November term, 1877. At the same term of the court the clerk filed his motion to have the plaintiff ruled to give security for the costs. Nothing further appears to have been done until the March term, 1878, when plaintiff filed an amended petition, and on the same day, eighteenth March, 1878, the case was again called for trial, when the cause was dismissed for want of compliance with the rule for costs, and a judgment for costs was rendered in favor of defendant against plaintiff, to all of which plaintiff excepted and gave notice of appeal.

The points raised in the bill of exceptions and assignment of errors may be summed up in one proposition, viz:

. That the action of the court in setting aside the judgment by default four months after its rendition and granting a new trial was a nullity.

"The district court (and the same rule applies to the county court) may vacate its judgment of a former term and grant a new trial for good cause shown, but that must be done by an original proceeding instituted especially for that purpose. (McKean v. Ziller,

9 Texas, 59; Gross v. McLaren, 8 Texas, 341; Goss v. McLaren, 17 Texas, 107; Caperton v. Wanslow, 18 Texas, 125; Plummer v. Power, 29 Texas, 6.) After a judgment is rendered and the adjournment of the court for the term, the cause has passed from the jurisdiction of the court, and it will then require an original suit to set that judgment aside, which must be brought in the ordinary form, with service on the opposite party. The petition for that purpose must, amongst other things, "set out sufficient matter to have entitled the party to a new trial if applied for at the term and a sufficient legal excuse for not having made the application." (Ragsdale v. Green, 36 Texas, 195; Hough v. Hammond, 36 Texas, 659; Vardeman v. Edwards, 21 Texas, 745.)

No such proceedings were had in the case at bar, and the action of the court in setting aside the judgment and granting a new trial was a nullity, and that being a nullity, all the subsequent proceedings were void.

For these reasons the judgment of the court below, appealed from in this case, is reversed and the case remanded.